# CASES

## ARGUED AND DETERMINED
### IN THE
# COURTS of APPEALS of OHIO

---

SCHULTE, EXECUTOR, *v.* HAGEMEYER.

*Evidence—Competency of witnesses—Executor or administrator as defendant—Section 11495, General Code—Contract for services by child to decedent—Parents competent witnesses—Charge to jury—Defining clear and convincing evidence—Failure of counsel to correct error.*

1. In an action brought against an executor of an estate to recover on a contract alleged to have been made between decedent and plaintiff's father and mother for the benefit of plaintiff, such father and mother are not incompetent witnesses to testify to the making of the contract and its contents by reason of Section 11495, General Code, providing that a party shall not testify when the adverse party is an executor or administrator.

2. The failure of the trial court, in its general charge to the jury, in defining clear and convincing evidence, to state that it is the highest degree of proof available in civil cases, is an omission to fully charge on the question, but since the objecting counsel neither requested the trial court to include this language nor called its attention to the law on the subject he cannot complain of such error in a reviewing court.

(Decided February 13, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Dempsey & Dempsey; Mr. Vincent H. Beckman* and *Mr. Edward S. Aston,* for plaintiff in error.

*Mr. James B. Swing* and *Mr. Theodore Horstman,* for defendant in error.

CUSHING, J.   When about four years of age, Josephine Hagemeyer was taken into the home of Mr. and Mrs. H. Joseph Schulte, where she remained until Mrs. Schulte's death and Mr. Schulte's removal to the hospital.   He died within a short time. Her position in that home, if we consider the treatment she received and her attitude toward the Schultes, was that of a daughter.   Mrs. Schulte and Josephine's mother were sisters.

The controversy in this case, in the last analysis, grows out of the position that Josephine Hagemeyer occupied in the Schulte home.   The argument of counsel for plaintiff in error is that she was there on the charity of Mr. Schulte.   Her counsel claim that she was performing her part of a contract made by her father and mother with H. Joseph Schulte, for her benefit.   This action is based on the contract, as claimed, and its breach.

The contract stated in the petition was that Josephine was to be taken into Mr. Schulte's home; that he was to have custody of her, and was to rear, educate and provide for her as if she was their natural child; that she was to be taught to regard them as her parents; that she was to render such assistance and services as a daughter could and should render her parents; and that Mr. Schulte was to care for her, and provide for her abundantly out of his estate at his decease.

Josephine Hagemeyer fully performed the contract on her part, not only during her minority, but for several years thereafter.

Some confusion has arisen from the apparent inconsistency between the term of the contract, to provide out of his estate, etc., and the prayer of the petition for the value of the services rendered by defendant in error. The contract did not provide for the transfer of any particular kind of property, nor for the payment of any sum of money. After the performance of the contract by Josephine Hagemeyer, and its breach by H. Joseph Schulte, the only measure of damage that could be ascertained with certainty would be the value of the services rendered. The breach of the contract occurred at the death of Mr. Schulte and the probate of his will, when it became certain that he had not provided for Miss Hagemeyer, as he had agreed to do in the contract.

After the death of H. Joseph Schulte, in 1918, Miss Hagemeyer presented a claim in the sum of $30,000 to Gerhard J. Schulte, executor under the will, alleged to be due her by reason of the breach of the contract for the services she rendered in the performance of her part of the contract. The executor, who was the chief beneficiary under the will, rejected the claim. An action was then commenced to recover that sum from the estate of H. Joseph Schulte, deceased.

The case was tried in the court of common pleas on the amended petition and the answer. The defendant denied the making of the contract, that the services were rendered, and their value. The jury returned a verdict for $17,435. A motion for a new

trial was overruled and judgment entered on the verdict.

Error is prosecuted to this court to reverse that judgment.

Many grounds of error are stated by counsel for plaintiff in error, on which a reversal is sought, but as many of them are repetitions, or statements of the same ground in different language, it seems the controversy can be disposed of by determining the following questions:

1. Were Joseph and Josephine Hagemeyer, father and mother of defendant in error, competent witnesses to testify to the making and to the contents of the contract in question?

2. Did the trial court err in charging on the question of what amounted to clear and convincing evidence?

3. Did the trial court err in refusing to give defendant's special charge No. 1?

4. Was the verdict of the jury contrary to the weight of the evidence, or influenced by passion and prejudice?

The claim that Mr. and Mrs. Hagemeyer were not competent witnesses to testify to the making of the contract is based on Section 11495, General Code. It provides: "A party shall not testify when the adverse party is * * * an executor or administrator * * *."

It is contended that because the contract was entered into by Mr. and Mrs. Hagemeyer with Mr. Schulte, for the benefit of Josephine Hagemeyer, they come within the meaning of the word "party" as used in the statute. This question was settled by the supreme court of Ohio in *Wolf* v. *Powner, Exr.*, 30 Ohio St., 472, and *Loney* v. *Walkey, Admr.*,

102 Ohio St., 18.   In following these authorities our duty is to overrule the contention of plaintiff in error on this point.

The contention of counsel that the court erred in its general charge to the jury presents two questions for consideration.   The language of the charge and the failure of counsel to request the court to give, in its general charge, the law as they claim it should be.

The trial court attempted to state the rule of law as it understood the supreme court in *Merrick* v. *Ditzler*, 91 Ohio St., 256.   The language used was taken from the opinion at page 267.   While the court was discussing the question as to what amounted to clear and convincing evidence, we doubt from the language used that the court intended to define that term.   The learned trial court omitted to include in its definition all that was said on the subject.   Had it added the other significant phrase used by the supreme court, that clear and convincing evidence was the highest degree of proof available in civil cases, there would not be any question as to the correctness of the charge.   The failure to include this language was an omission to fully charge on the question.   Counsel for plaintiff in error did not request the trial court to include this language in the definition, nor did they call the court's attention to the law on the subject.   The claim that there was error in the general charge is without merit.

Special charge No. 1, requested by counsel for plaintiff in error, and refused by the court, was taken from *Spencer* v. *Colt*, 89 Pa. St., 314, and *Rensink* v. *Wiggers*, 99 Ia., 39.   The rule stated in these cases has not been adopted or approved by the su-

preme court of Ohio. The special charge requested would practically require the jury to make a finding of facts, as if returning a special verdict. Such a finding is not required in the case of a general verdict. As we understand it, clear and convincing evidence is that measure or degree of proof which will produce in the mind a firm belief or conviction of the truth of the allegation sought to be established. It is the highest degree of proof available in civil cases. From this view of the special charge, the court did not err in refusing to give it.

The remaining contention of plaintiff in error is that the verdict is against the weight of the evidence and appears to have been rendered under the influence of passion and prejudice.

It was not attempted to establish the contract in question by any memorandum in writing. The evidence offered as to the making of the contract consists of what Mr. and Mrs. Hagemeyer remembered in 1921 of what was said on the subject by them and Mr. Schulte in 1900 or 1901, the acts of the parties, Miss Hagemeyer's performance of her part of the agreement, the statements of Mr. Schulte, and the facts and circumstances surrounding the making of the contract and its performance. These questions were submitted to the jury, and, on the question of the weight of the evidence, we find that the verdict should not be disturbed.

We are fully in accord with the decision of the supreme court in *Hayes* v. *Smith*, 62 Ohio St., 161, to the following effect:

"It is a duty of the trial court which is not merely discretionary, when counsel grossly abuses his privilege to the manifest prejudice of the opposite party, to interpose and admonish the offending counsel

and to instruct the jury in regard thereto; and if it fail to do so, it is ground for a new trial.''

The comments of Judge Davis in delivering the opinion of the court in the above case clearly state the law, and he cites with approval many cases in support of the view taken, so we are justified in the statement that the *Hayes case* states the settled law of Ohio on the question.

The argument of counsel, quoted on page 127 of the brief of plaintiff in error, is severe. But evidence had been introduced showing the date and contents of the will of H. Joseph Schulte, his health and mental condition at that time and soon thereafter, as tending to show that H. Joseph Schulte had breached the contract in question. Evidence had also been introduced showing that bonds amounting to $35,000 were found in Gerhard Schulte's possession; setting forth the interest he had in getting the estate of his uncle, and some of his acts. From these facts, it cannot be held that the argument of counsel was not based on the evidence in the case, and reasonable deductions to be drawn therefrom.

The judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.