GLADMAN, APPELLEE, *v.* CARNS, EXRX., APPELLANT.

[Cite as Gladman v. Carns, 9 Ohio App. 2d 135.]

(No. 612—Decided January 20, 1964.)

*Messrs. Faust & Harrelson,* for appellee.
*Mr. J. Cameron Dungan,* for appellant.

KERNS, P. J.  This is an appeal on questions of law from a judgment of the Court of Common Pleas of Miami County, Ohio.

The defendant, Helen M. Carns, appellant herein, was appointed executrix of the estate of Blanche M. Haines on July 19, 1960.

On July 20, 1960, a claim against the estate was presented to the executrix on behalf of the plaintiff, Amos Gladman, appellee herein.

The claim was neither allowed nor rejected by the defendant.  For this reason, the plaintiff, on March 13, 1961, made demand upon the executrix by mail to allow the claim within five days or he would consider the claim rejected and proceed to file a petition for the amount of the claim in the Court of Common Pleas.  The claim was not allowed within the five days, and the present action was commenced.

In his petition, the plaintiff says "that on or about the *1st*.

day of *October* 1955, the decedent, Blanche M. Haines, was the owner of a farm upon which this plaintiff was at said time a tenant. That on or about said date, said decedent entered into a contract agreeing that if said plaintiff would install a bathroom in the house upon said farm and pay for the same, that she would reimburse said plaintiff if he vacated said farm prior to her death, and if he was still living on said farm at the time of her death, plaintiff was to be reimbursed from her estate."

"Plaintiff says that pursuant to said contract and relying upon decedent's agreement, he did install said bathroom at a cost of $996.62 and that said decedent on the 21st day of June, 1960, died and this plaintiff vacated said farm on the *14th* day of *March*, 1961, and that said amount is now due and payable."

The defendant's answer, in addition to generally denying the allegations of the petition, specifically denies that plaintiff presented a claim to her on July 20, 1960, and says that the statute of limitations for the presentation of said claim has run.

Thereafter, on October 25, 1962, a jury was waived and evidence was presented to the Common Pleas Court.

On January 5, 1963, judgment was entered in favor of the plaintiff, and this appeal is from such judgment.

The first of three errors assigned by the defendant is that "the trial court erred in admitting as evidence the testimony of Elizabeth Gladman * * *." Elizabeth Gladman is the wife of the plaintiff, but she was not a party to the action.

Section 2317.03, Revised Code, provides in part that "a party shall not testify when the adverse party is * * * an executor * * *."

Ordinarily, the term "parties" is used to designate the opposing litigants in a judicial proceeding. 41 Ohio Jurisprudence 2d 146, Section 2.

The plaintiff's wife was not a party to the proceeding in the trial court. Nor did she have any direct interest in the outcome of the litigation. Under such circumstances, the Supreme Court, in construing language similar to that presently contained in Section 2317.03, Revised Code, has held that the spouse of a real party in interest is not thereby disqualified as a witness. *Wolf* v. *Powner, Exr.*, 30 Ohio St. 472. See, also, *Loney* v. *Walkey, Admr.*, 102 Ohio St. 18. The word "party" as used in the pertinent statute was also given a restricted

meaning in the case of *Schulte, Exr.,* v. *Hagemeyer,* 16 Ohio App. 1.

In the case of *Powell, Admx.,* v. *Powell, Admx.,* 78 Ohio St. 331, at page 337, the Supreme Court asked and then answered the same question which is now before us, as follows:

"Who is the *party* mentioned in Section 5242 [Section 2317.03, Revised Code]? It is not a generic term to cover the litigants and also their witnesses, for the section and its immediate companions speak of witnesses and parties in a different sense. A party may also be a witness, within the restraints of the statute, but a *witness* is not a party to the action. The party referred to is a party to the action, and not one who may be interested in the results of the litigation; a party to the suit and so known on the record. He it is who 'shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb or an insane person * * * or is an executor or administrator * * *.' "

Applying this language to the present case, the plaintiff's wife was not incompetent to testify in the proceeding. The trial court properly concluded that her indirect interest was only significant in determining credibility. Accordingly, the first assignment of error will be overruled.

The second and third assignments of error may be considered together. In substance, each challenges the sufficiency of the plaintiff's claim against the estate.

The claim, in the form presented, appears in the bill of exceptions, and the record discloses clearly that it was presented to the executrix within the statutory period of four months Section 2117.06, Revised Code.

But the defendant argues in her brief that she "consistently refused in any way to treat the alleged claim as a claim filed under Section 2117.06, Revised Code." Actually, it makes no difference how the claim was treated by the defendant if, in fact, it was *recognized* by her as a claim against the estate. And the evidence, along with the reasonable inferences to be drawn therefrom, amply support the trial court's conclusion that it was so recognized. The defendant offered no testimony denying that she knew the nature and character of the statement which was presented to her. In fact, the defense presented no witnesses at the hearing.

"A claim against a decedent's estate need not be in any particular form; it is sufficient if it states the character and amount of the claim, enables the representatives to provide for its payment, and serves to bar all other claims by reason of its particularity of designation." 74 A. L. R. 369.

A reasonable assessment of the record supports the conclusion that the significance of the claim, as presented, was fully appreciated by the fiduciary, and that the statute of limitation, therefore, at the time of such presentation, ceased to operate upon the claim.

In its opinion, the trial court observed as follows:

"An examination of the claim clearly indicates that Amos Gladman was demanding certain monies for material and labor furnished on the Haines farm. As to the form of the claim it is the opinion of this court that a substantial compliance has been made with the statute and that it is sufficient."

Upon the record before us, we are in complete accord with these observations. Furthermore, we are of the opinion that the failure of the defendant to either allow or reject the claim within 30 days, as required by Section 2117.06, Revised Code, or to take any other action with reference to the form of the claim until the present action was commenced, constitutes a waiver of any objection thereto. If the claim needed clarification or authentication, the defendant could have resorted to Section 2117.08, Revised Code, which provides for the authentication of claims. The record discloses also that if the defendant had refused the plaintiff's claim at the time of presentation, or had registered timely objections to its form thereafter, there would have been ample time within four months for the plaintiff to acknowledge the objections and resubmit the claim.

For obvious reasons, a fiduciary should not be permitted to accept a claim within the statutory period, hold it indefinitely, and then raise the statute of limitations as a defense because of some claimed defect in its form.

We find no prejudicial error in this record, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.