Pearl HART, Plaintiff-Appellant,

v.

Ross L. JOHNSTON, Administrator of the Estate of Melvin M. Hatley, Deceased, Defendant-Appellee.

No. 17208.

United States Court of Appeals Sixth Circuit.

Feb. 6, 1968.

Charles E. Brant, Columbus, Ohio (Wright, Harlor, Morris, Arnold & Glander, by Thomas E. Cavendish, Columbus, Ohio, Howard Hunt, Sr., Louisville, Ky., on the brief), for appellant.

Harold E. Gottlieb, Zanesville, Ohio (Gottlieb, Johnston & Beam, Zanesville, Ohio, on the brief), for appellee.

Before O'SULLIVAN, PECK and COMBS, Circuit Judges.

PER CURIAM.

Upon cross-motions for summary judgment, this cause was disposed of by entry of judgment for the defendant, administrator of the estate of Melvin M. Hatley. (Defendant's original motion for summary judgment was denied; both parties made later motions pursuant to the District Court's pretrial order.)

Melvin Hatley died owing a substantial debt to the plaintiff, Mrs. Pearl Hart, now a 78 year old lady, who befriended the said Hatley by making him a loan in 1954 to set him up in the business he was operating at the time of his death. The dispute herein arose out of the alleged failure of Mrs. Hart to satisfy Ohio law requiring presentment of claims to the representative of a decedent's estate within the 4 or 9 months periods of Ohio Revised Code §§ 2117.06 and 2117.07. Under these provisions, a claim "in writing" must be presented within four months after the appointment of the fiduciary; in certain specific excusatory situations, the time limit is expanded to nine months.

The depositions taken and affidavits filed would permit a finding of the following facts: At the time of his death, Melvin M. Hatley was indebted to the plaintiff for the sum of approximately $13,000, the balance owing on the above mentioned loan. Appellee Johnston was appointed administrator of Hatley's estate and with court permission operated the business in which Hatley had been involved. One William Gaab, as an accountant, had been engaged in taking care of the books of the Hatley business, Hatley's Harley-Davidson Sales; he was continued in the business' employ by Johnston, to provide the same service for him as administrator of the Hatley estate.

Subsequent to Hatley's death, plaintiff, not knowing of this event, attempted to correspond with decedent by letter addressed to his place of business. Mr. Gaab, the said accountant, answered her letter, informing her of Hatley's death. Plaintiff and Gaab thereafter continued to correspond, and in one letter to Gaab plaintiff requested: "Please do the best you can, take care of my part as you would want me to do if we changed places and I will be satisfied."

While Johnston was running the Hatley business, and during the four month period allowed for presentation of claims under § 2117.06, Gaab prepared and exhibited to Johnston a balance sheet showing the financial condition of the business. It showed the debt of plaintiff as the largest single account payable. Gaab also showed Johnston the books of the business which, by original entry, recorded the loan from plaintiff Hart, the payments thereon, and the balance

due at the time of Hatley's death. Gaab testified that during this period, "I believe every time I contacted Mr. Johnston I mentioned Mrs. Pearl Hart's account." He testified that Johnston assured him that Hatley's debt to plaintiff would be paid.

Thus fully advised of the estate's debt to plaintiff by Gaab, and by the records of the business, Johnston did nothing about it in the four month period allowed for presentation of a claim under § 2117.-06, Ohio Revised Code, or within the nine month period provided in § 2117.07 for "Presentation of claims after four months." After the nine months had expired in January, 1961, Johnston, in February, 1961, got in touch with plaintiff and told her he wished to settle the account, but did not do so and thereafter resisted her claim by invoking the mentioned statutes of limitations.

Johnston filed an affidavit wherein he stated that Gaab had never informed him of his correspondence with Mrs. Hart or that he was acting as her agent in pointing out her claim, and denied that he had told Gaab that the account would be settled. Johnston's affidavit does not recite whether or not he, in fact, had knowledge of the relationship between Mrs. Hart and Gaab.[1] He did not deny the genuineness of plaintiff's account, and gave no explanation of why he waited until the statutory period for filing claims had expired before he exhibited any interest in the estate's largest item of indebtedness.

The District Judge gave judgment to defendant by strict enforcement of the four and nine month statutes of limitations. Appellant claims that her claim is not barred because what was done by Gaab and Johnston within the statutory time was the equivalent of presenting the plaintiff's claim. See Gerhold v. Papathanasion, 130 Ohio St. 342, 199 N.E. 353, 103 A.L.R. 334 (1936). And that the filing of a formal claim would add nothing to what had been done and that Johnston's conduct should estop him from raising the bar of the statute of limitations. The text of 22 Ohio Jur.2d § 293, at 653 reads:

"Since the law does not require a claimant or litigant to do a vain thing, the mandatory provisions of the statute requiring presentation in writing to the personal representative of claims against the estate he represents, are said to be quite uniformly softened and not enjoined when the application of such provisions would run contrary to reason and common sense."

In 53 C.J.S. Limitations of Actions, § 25 (1948), it is said, "A defendant may be estopped by his * * * conduct from asserting the bar of the statute of limitations."

We find no Ohio decisions whose facts precisely fit the case before us and we think the controlling rule of law should not be fashioned until a plenary hearing is had with full exploration by cross-examination and otherwise of the facts out of which the rule of law will emerge.[2]

In S. J. Groves & Sons v. Ohio Turnpike Commission, 315 F.2d 235, 237 (6th Cir. 1963), cert. den., 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 we said:

"This Court has on several occasions expressed the view that a trial judge should be slow in disposing of a case of any complexity on a motion for summary judgment, that while such a judgment wisely used is a praiseworthy and timesaving device, yet such prompt

---

1. Plaintiff's brief in support of her motion for summary judgment states: "We have evidence not appearing in the depositions that the defendant repeatedly assured Gaab that Mrs. Hart's claim would be paid, knowing that Gaab was in regular contact with plaintiff and would relay this information."

2. The fact that both parties moved for summary judgment does not preclude such

a disposition of the case. "The general rule is that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed." 6 Moore's Federal Practice, § 56.13, at 2247.

dispatch of judicial business is neither the sole nor the primary purpose for which courts have been established, and that a party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one. Knapp v. Kinsey, 249 F.2d 797, 801–803, C.A. 6th; Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427, C.A. 6th; Begnaud v. White, 170 F.2d 323, 327, C.A. 6th; Estepp v. Norfolk & W. Ry. Co., 192 F.2d 889, C.A. 6th; Bellak v. United Home Life Ins. Co., 211 F.2d 280, 283, C.A. 6th; Hoy v. Progress Pattern Co., 217 F.2d 701, 704, C.A. 6th. See: Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; White Motor Co. v. United States, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738."

We are not persuaded that the record before us clearly establishes that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As we also said in S. J. Groves & Sons v. Ohio Turnpike Comm., supra:

> "It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts, or whether an estoppel or a waiver of certain rights admitted to exist should be drawn from such facts. Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment." [citations omitted] 315 F.2d at 237, 238.

Upon the record before us we are unable to state with assurance whether or not "the significance of the claim, as presented, was fully appreciated by the fiduciary, and that the statute of limita-

tions, therefore, at the time of such presentation, ceased to operate upon the claim." Gladman v. Carns, 9 Ohio App. 2d 135, 138, 223 N.E.2d 378, 381. For, as was there said, "Actually, it makes no difference how the claim was treated by the defendant if, in fact, it was *recognized* by her as a claim against the estate." Id., at 137, 223 N.E.2d, at 380.

The judgment of the District Court is reversed and the cause is remanded for trial on the merits.