OPINION
Plaintiff Winnie E. Gaus appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Daniel M. Mills, individually and as executor of the estate of Floyd Miller, deceased. Appellant assigns three errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED IN HOLDING, AS A MATTER OF LAW, THAT THE REVISED CODE 2117.06 REQUIREMENT THAT CLAIMS AGAINST AN ESTATE BE PRESENTED IN WRITING WITHIN THE STATUTORY TIME IS ESSENTIAL NOTWITHSTANDING THE PRESENCE OF CAUSES OF ACTION FOR PROMISSORY ESTOPPEL, EQUITABLE ESTOPPEL AND FRAUD.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLANT'S INDEPENDENT FRAUD CLAIM.
ASSIGNMENT OF ERROR NO. 3
THE TRIAL COURT ERRED IN THAT THE FACTS ALSO SHOWED THAT THE TRANSACTION BETWEEN APPELLANT AND THE DECEDENT RESULTED IN A TRUST RATHER THAN A DEBT AND, THEREFORE, THE REQUIREMENTS OF REVISED CODE 2117.06 WERE NOT APPLICABLE TO THE FACTS INVOLVED IN THE LITIGATION.
Appellant sets forth her version of the facts in her affidavit filed in opposition to appellee's motion for summary judgment. Appellant asserts approximately two years prior to the incident which gave rise to this complaint, appellant had received a lump sum social security check in amount of $18,000. Pursuant to an oral agreement with decedent, appellant endorsed the check over to him in return for a promise he would give her $500 a month for the rest of her life. In addition, decedent gave appellant an additional $200 a month as financial assistance. In 1996, appellant received a check in the amount of $20,213.46, apparently the proceeds from the sale of a house. Appellant endorsed the check over to decedent in return for an oral promise she would receive an additional $500 per month for the remainder of her life. Appellant's affidavit notes decedent was 78 years old and was in poor health while appellant, his mother-in-law, was only 67 and in good health. The parties understood decedent would probably die before appellant, and the payments would have to continue beyond his death. Appellant's affidavit asserts decedent paid appellant $700 per month, mostly in cash delivered personally. Decedent died on March 25, 1997, and the monthly payments ceased. Appellant, her daughter, (the decedent's widow), and several other persons interested in decedent's estate met with appellee around the time of decedent's funeral. Appellant alleges she related the foregoing facts to appellee, and advised appellee she could not afford to live on her Social Security alone. Appellant alleges she pled with appellee that she could not afford to lose the funds she turned over to decedent. Appellant alleges appellee told her not to worry, and promised he would take care of it. Appellant gave appellee her address, and was relieved by appellee's statements. Appellant further asserts she spoke with appellee on April 12, 1997, and appellee told her not to worry, that the money would come through. On April 29, 1997, she spoke with appellee on the phone, whereupon he again told her to be patient. On May 28, 1997, the Stark County Probate Court appointed appellee executor of decedent's estate. While waiting for the payments to resume, appellant received financial assistance from her daughter, decedent's widow. In April of 1998, appellant again inquired as to the status of her claim, and learned her claim had not been acknowledged pursuant to Ohio law. Appellant asserted she believes appellee's actions towards her are the result of personal animosity towards her, in part because appellant questioned appellee about certain papers her daughter, decedent's widow, had signed for appellee. The trial court entered summary judgment as a matter of law, finding no genuine issue of material facts existed, and finding claims against an estate must be presented in writing to the executor or administrator within the statutory time set forth in R.C. 2117.06 (B). Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court applies the same standard to a summary judgment as the trial court, Smiddy v. The Wedding Party, Inc.(1987), 30 Ohio St.3d 35.
 I
Appellant's complaint set forth causes of action sounding in promissory estoppel, equitable estoppel and fraud. In her first assignment of error, appellant challenges the court's finding R.C.2117.06 bars her claim notwithstanding her causes of action. Appellant asked this court to find equity requires a finding R.C.2117.06 does not apply. The trial court cited Children's Medical Center v. Ward (1993), 87 Ohio App.3d 504, as authority for the proposition a claim must be presented in writing to the executor or administrator of the estate within the statutory time. The court found only a verbal claim was made by the appellant. Appellant challenges this finding, asserting she did present her claim in writing at least twice, although she concedes both instances occurred after the one-year limitation. We find, however, the written claim must presented within the statutory time. Claims appellant made in writing are without legal effect because the parties agree they did not occur within the one-year statute of limitations. Regarding appellant's argument estoppel and fraud can toll the statute of limitations, appellant asserts she orally presented her claim three times within the one-year period, and on each occasion, appellee acknowledged the claim. Appellant cites Gladman v. Carns (1964), 9 Ohio App.2d 135, for proposition the claimant need only present the claim to the fiduciary in such a manner that the fiduciary can fully appreciate its nature. Appellant concedes, however, Gladman dealt with a written claim, not a verbal claim. In Varico v. Varico (1993),91 Ohio App.3d 542, the Court of Appeals for Medina County reviewed an action by a claimant who had discussed a debt with the administrator. The administrator had a memorandum of the debt written by the decedent. The court of appeals found, however, a claim must be presented in writing to the administrator during the statutory time period in order to comply with the statute, and presentment of the claim in writing to the administrator of the estate is a condition precedent to the creditor bring suit on that claim. We have reviewed the record, and we find appellant has not demonstrated appellee's actions prevented her from properly presenting her claim to the estate. We find R.C. 2117.06 requires a claim be presented in writing, and an administrator or executor of an estate cannot acknowledge a claim which is not presented in writing within the statutory time period. The first assignment of error is overruled.
 II
In her second assignment of error, appellant urges the trial court erred in failing to consider her independent fraud claim. While it is true the trial court did not discuss the claim, nevertheless, it is axiomatic that we review judgments, not reasons for the judgment. We are required to conduct an independent review of the evidence in a summary judgment, and for this reason, we can determine whether the trial court correctly found summary judgment was appropriate on the issue of fraud. Appellant sets forth the elements of fraud as representation, or where there is a duty to disclose, concealment of a fact, which is material to the transaction, made falsely and with knowledge of its falsity, or with utter disregard and recklessness as to the truth of the assertion, with the intent of misleading another into relying upon it, which induces justifiable reliance and results an injury, see e.g., Dynes Corporation v. Seikel, Koly Company, Inc., (1994), 100 Ohio App.3d 620. We have reviewed the evidence presented, and it is clear appellant's claim is based upon appellee's failure to advise her of the proper way to submit her claim. There was no evidence presented of any relationship between appellant and appellee that would give rise to a duty of appellee to advise appellant of how to assert her claim. Nor did appellant present any evidence appellee made any affirmative representation which was false or made with reckless disregard of the truth. For this reason, we agree with the trial court that the summary judgment was appropriate as a matter of law on appellant's claim sounding in fraud. The second assignment of error is overruled.
 III
In her third assignment of error, appellant argues the trial court erred in not finding the transaction between appellant and decedent resulted in a trust such that R.C. 2117.06 was inapplicable. Appellant cites Staley v. Kreinbihl (1949), 152 Ohio St. 315
as authority for holding decedent was the trustee of a trust set out for appellant's benefit. Appellant notes the Ohio Supreme Court in Staley found the funds sought to be recovered belong to the claimant, and not the estate. Appellant asserts the funds both in Staley, and in the case at bar, had been commingled. The Supreme Court held where the trust property is sufficiently identified and followed into the hands of the decedent, and not back to the beneficiary, a constructive trust must be applied. Appellee points out appellant did not present any evidence specifying the date of transfer the actual amount of the funds, or the location of the funds. Appellee asserts it is undisputed appellant cannot trace the funds into any property controlled by appellee. Appellee notes the cash accounts the decedent owned were held in joint and survivorship with his surviving spouse, and devolved directly to her by action of law. Appellant has not demonstrated appellee holds the funds which she seeks to establish as trust property. We find the trial court did not err in holding there were no material facts in genuine dispute, and that appellee was entitled to judgment as a matter of law. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Reader, V. J., concur