OPINION
Sharon Milburn is appealing from the grant of summary judgment in favor of defendants James Upton and his mother Dora Upton. The plaintiff is the daughter of defendant Dora Upton and James Upton is her brother. Her complaint was for money damages for the value of improvements she had made to her mother's real estate while she was living with her mother, and alleged three theories for the basis of her claim, to wit: "conversion", "unjust enrichment and/or quantum meruit", and "a Civil Conspiracy." Complaint, docket one. The defendants answered and presented two counterclaims, for rent and restitution.
Following discovery, the plaintiff moved for summary judgment in her favor on the counterclaims of the defendants, and the defendants then moved for summary judgment in their favor on the plaintiff's entire claim, citing the Family Relationship Doctrine as defeating all of plaintiff's three theories of her cause of action. The trial court granted both motions, thus terminating the action. This appeal only concerns the grant of summary judgment against the plaintiff. Defendants have not appealed the summary judgment dismissing their counterclaims.
The actions of the trial court and the reasons for its decisions, as well as the facts of the case, are carefully and fully set forth in its decision which, after reciting the grounds for summary judgment under Ohio law, is as follows:
 The following uncontradicted material facts demonstrate that neither side may prevail under the law for their respective claims. The Plaintiff is the daughter of Defendant Dora Elizabeth Upton and the sister of James Upton. The Plaintiff, her husband and daughter lived at Dora Upton's home until Plaintiff left. While Plaintiff and her family lived there, Dora Upton cooked, cleaned, did laundry and other duties for the Milburns. The Milburns paid no rent but bought the groceries that Dora Upton cooked for the household.
 While Plaintiff and her family lived there Dora Upton thought Plaintiff was intending to repair the garage so Plaintiff could park the cars in it. However, the project changed and Plaintiff remodeled the garage into what eventually was converted into a tack shop. She did not ask permission to remodel or convert it into a tack shop, but her mother did not object. Dora Upton helped sometimes in the tack shop business, but received no money or expressions of appreciation from Plaintiff for her services. Rent was not discussed between Plaintiff and her mother. Plaintiff operated the tack shop as a commercial enterprise but did not share the proceeds of the business with Dora Upton.
 There was no express agreement or understanding between Dora Upton and Plaintiff that Plaintiff would inherit the property or that Plaintiff would build the tack shop in exchange for the future inheritance. The uncontradicted evidence indicates that there was never even a discussion on this subject between the Plaintiff and her mother.
 Plaintiff left her husband and daughter at her mother's home to reside some where else. Thereafter, in Dora Upton's view, Plaintiff lost interest in her. Her mother believed that Plaintiff paid no attention to her. Dora Upton observed that her daughter quit coming around. On the rare occasions which Plaintiff did come to the house she would ignore Dora and would not speak to her. Dora would ask Plaintiff "where is Sharon?" This all hurt Dora Upton's feelings. Nonetheless, Dora Upton allowed her daughter's family to live at her home under the same arrangements as before, until her son-in-law and granddaughter left some time later.
 Defendant James Upton worked at the family gravel pit across the road from the house. James Upton was the only one working there and Plaintiff and her brother were not getting along. James Upton had his business and horses there and Dora Upton concluded that James Upton couldn't work under the circumstances which included a shared arrangement with her daughter. In July 1997 Dora Upton changed her will to included only her son and leaving Plaintiff nothing. That same year Dora Upton conveyed the property to James Upton without consideration, except with the faith that she could remain living there as long as she lives.
 Plaintiff voluntarily built the tack room on her mother's property and stocked it with merchandise at her own risk and commercial benefit without objection or express permission of her mother during a prolonged period of time when Plaintiff and her family resided there. After Plaintiff left Dora Upton changed her will to include only her son and conveyed the property to him. He accepted the conveyance. There is no allegation of undue influence or incapacity.
 Plaintiff alleges conversion of real and personal property in her complaint in that Defendant James Upton wants her to remove her personal property from the tack room and vacate the premises. Even if this is true as alleged under these facts this does not constitute conversion. As the owner, he would have the right to evict her and her possessions from the property.
 Under these circumstances, in the absence of an express agreement which includes mutual promises that Plaintiff would inherit the property in exchange for some benefit to her mother, Plaintiff may not recover under the theory of quantum meruit. It has been held that where a family member makes improvements to real property while living on the property owned by a family member, the mere expectation of inheriting the property, without an express agreement is not sufficient to support a claim of quantum meruit. Sabin v. Graves, (1993), 86 Ohio App.3d 628, 621 N.E.2d 748. Here, the Plaintiff offers no evidence of an express agreement beyond the allegation in the complaint. The mutuality of services between Plaintiff and her mother are apparent. Therefore, Plaintiff may not recover under this theory under these disputed facts.
 Plaintiff's third claim alleges the tort of civil conspiracy between her mother as grantor and brother as grantee of the premises. A civil conspiracy requires proof of (1) a malicious combination, (2) of two or more persons, (3) resulting in an inquiry to persons or property, and (4) the existence of an unlawful act independent from the actual conspiracy. Universal Coach v. NYC Transit Authority (1993), 90 Ohio App.3d 284. Even with the Rule 56 inferences and rules of construction, the uncontradicted facts of record do not support these elements.
 Likewise, the Defendants are not entitled to recover rent from Plaintiff as alleged in their counterclaim. The rendering of services between family members is presumptively gratuitous in the absence of an express agreement. Sabin v. Graves, supra. There was no express agreement concerning Plaintiff paying her mother rent for Plaintiff's use of the tack shop. The subject was never even discussed between Plaintiff and her mother or brother while Plaintiff and her family lived and operated the business on her mother's property.
 IT IS THEREFORE ORDERED, that the Motion for Summary Judgment filed by Defendants and Plaintiff be and are hereby granted. This case is dismissed with prejudice, costs to be paid equally by Plaintiff Sharon Milburn and Defendant James Upton.
IT IS SO ORDERED.
 Plaintiff timely appealed and brings to us the following three assignments of error:
 1. THE TRIAL COURT ERRED IN GRANTING APPELLEES' SUMMARY JUDGMENT ON APPELLANT'S COMPLAINT BASED UPON THE FAMILY RELATIONSHIP DOCTRINE.
 2. THE TRIAL COURT ERRONEOUSLY APPLIED SABIN v. GRAVES, 86 OHIO APP. 3d 628 (1993), IN DETERMINING APPELLANT MAY NOT RECOVER IN QUANTUM MERUIT FOR THE IMPROVEMENTS MADE TO THE REAL PROPERTY.
 3. THE TRIAL COURT ERRED IN GRANTING APPELLEES' SUMMARY JUDGMENT ON THE APPELLANT'S CLAIMS FOR CONVERSION AND CIVIL CONSPIRACY BECAUSE THOSE TWO CAUSES OF ACTION WERE NOT ADDRESSED BY APPELLEES' MOTION.
In her first two assignments of error, the appellant challenges the application of the Family Relationship Doctrine as cited by the trial court from the case of Sabin v. Graves (1993),86 Ohio App.3d 628. We find, however, that Sabin is indeed very much on point. Both in Sabin and here the plaintiff had in part paid for the cost of improvements to real estate owned by the defendant, in this case the plaintiff's mother. Thus the appellant's claim that the Family Relationship Doctrine applies only to services rendered and that "services" is confined to physical labor, is unfounded. The word "services" when referred to in the Family Relationship Doctrine is a much broader term and encompasses payments to contractors improving real estate as well as the value of physical services, such as cleaning, cooking, or mending clothes. The Family Relationship Doctrine in Ohio was first set forth by the Supreme Court in Hinkle v. Sage (1902),67 Ohio St. 256, 65 N.E. 999, where the court stated in its syllabus that there is no obligation implied for services rendered within a family to each other unless there is an express contract between the parties that the services are performed in the expectation of compensation. Furthermore, this express contract, although it may be implied in fact, must be proved by "clear and convincing proof." Merick v. Ditzler (1915), 91 Ohio St. 256, 110 N.E. 493. The trial court properly found in the facts before it that no express contract existed and therefore the plaintiff's claim under all three theories of its action had to fail. Of course, the plaintiff may still recover any personal property of hers that is on the defendants' premises.
In the third assignment of error the appellant argues that the trial court could not rule on its claims for conversion and civil conspiracy because the motion of the defendants for summary judgment did not seek summary judgment on those two claims. This argument is without merit. The defendant's motion was for summary judgment on the appellant's entire claim and it specifically mentioned all three theories of the appellant's claim as being defeated by the Family Relationship Doctrine.
We have reviewed the trial court's grant of both motions for summary judgment de novo, as we are required (Childrens Med Centrv. Ward (1997), 87 Ohio App.3d 504, 508) and we find that both decisions were correct for the reasons set forth in its entry of decision. All three assignments of error are overruled and the judgment is affirmed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
David E. Beitzel
E. John Wist
Hon. Jeffrey M. Welbaum