OPINION
{¶ 1} The Mahoning County Court of Common Pleas granted summary judgment to Appellee Progressive Preferred Insurance Company ("Progressive") arising from Appellant Joseph Bengala's claim for uninsured motorist ("UM") coverage. Progressive issued an automobile insurance policy ("the Policy") to Appellant which contained UM coverage. The sole issue being tried was whether Progressive was required to pay UM benefits to Appellant for property damage to his automobile caused by an unidentified driver's negligence. The Policy excludes UM coverage for property damage caused by an uninsured and unidentified motorist, and such coverage is prohibited by law. See R.C. §3937.181(B). The trial court was correct in granting summary judgment to Progressive, and for the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On September 4, 1999, Appellant was involved in an auto collision caused by an unidentified and unknown driver. (3/7/02 Stipulations.) Appellant sustained $4,545 in property damage. (3/7/02 Stipulations.) Appellant was insured at the time by an automobile insurance policy issued by Progressive.
 {¶ 3} R.C. 3937.181(B), which governs certain aspects of uninsured motorist property damage ("UMPD") coverage, contains a provision bearing upon the property damage suffered by Appellant:
 {¶ 4} "The losses recoverable under this section shall be limited to recovery for that destruction of or damage * * * directly caused by an uninsured automobile or motor vehicle whose owner or operator has been identified."
 {¶ 5} Progressive's policy conformed to R.C. 3937.181(B) by excluding UMPD coverage caused by an uninsured and unidentified driver. (Policy, p. 17.)
 {¶ 6} On August 30, 2001, Appellant filed a Declaratory Judgment Complaint in Mahoning County Court of Common Pleas alleging that the Policy provided UMPD coverage that Appellant sustained in the September 4, 1999, accident.
 {¶ 7} On June 6, 2002, Progressive filed a "Motion for Summary Judgment." Progressive argued that the Policy clearly excluded coverage for property damage if the owner or operator of the uninsured vehicle has not been identified. The trial court granted the motion for summary judgment on August 23, 2002. The trial court based its decision on the holding of Brocious v. Progressive Ins. Co. (Aug. 12, 1999), 8th Dist. Nos. 74349 and 75914. Brocious dealt with almost the same facts and issues as exist in the case now under review, and Brocious ruled in favor of the insurance company.
 {¶ 8} This appeal challenges the August 23, 2002, judgment entry.
 {¶ 9} Appellant's sole assignment of error states:
{¶ 10} "The trial court erred, as a matter of law, in granting Summary Judgment in favor of the Appellee Progressive Preferred Insurance and denying the Appellant, Joseph Bengala, coverage for property damage he sustained in a hit-and-run accident where the owner and/or operator of the vehicle at fault is unknown and unidentified."
 {¶ 11} Appellant argues that there are conflicting provisions in the Policy that make it ambiguous. Appellant correctly asserts that ambiguities in insurance contracts are generally construed against the drafter of the provision, Progressive, in this case. See King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus.
 {¶ 12} Appellant argues that there are conflicting provisions in the Policy that create an ambiguity about UMPD coverage. Appellant argues that he paid a premium for UMPD coverage. Appellant points to the following section of the Policy as proof of coverage:
 {¶ 13} "[I]f you pay a premium for Uninsured/Underinsured Motorist Property Damage Coverage, we will pay for damages, other than punitive or exemplary damages, which an insured person is entitled to recover from the owner or operator of an uninsured motor vehicle due to propertydamage:
 {¶ 14} "1. caused by accident; and
 {¶ 15} "2. arising out of the operation, maintenance or use of anuninsured motor vehicle." (Emphasis in original; Policy, p. 13.)
 {¶ 16} The parties do not dispute that Appellant paid a premium for this coverage, and they do not dispute that Appellant's vehicle was damaged.
 {¶ 17} Appellant cites two passages from the Policy as evidence of ambiguity. Appellant cites part of the definition of "uninsured motor vehicle" in "Part III" of the Policy dealing with UM and UMPD coverage:
 {¶ 18} "We will not pay for property damage unless there is actual physical contact between a hit-and-run vehicle and the covered vehicle." (Emphasis in original; Policy, p. 15.)
 {¶ 19} Appellant interprets this sentence to mean that there is UMPD coverage when a hit-and-run driver causes property damage through physical contact.
 {¶ 20} Appellant then cites an exclusion in "Part III" of the Policy for the following provision:
 {¶ 21} "Coverage under this Part III is not provided for propertydamage: * * * 8. if the owner or operator of the uninsured motor vehicle
has not been identified." (Emphasis in original; Policy p. 17.)
 {¶ 22} Appellant contends that the exclusion completely negates the UMPD coverage, making it unclear why either provision is included in the Policy at all. These two opposing provisions of the Policy form the basis for this appeal.
 {¶ 23} This appeal involves summary judgment. In reviewing a summary judgment action, an appellate court reviews the evidence de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153. In order to prevail on a motion for summary judgment, the movant must show that, (1) there remains no genuine issue as to any material fact, and (2) when construing the evidence most strongly in favor of the opposing party, reasonable minds can only conclude that the moving party is entitled to judgment. Civ.R. 56(C);Welco Indus., Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 436,617 N.E.2d 1129. The movant bears the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once this initial burden is met, the opposing party has a reciprocal burden to raise specific facts that demonstrate that a genuine issue exists for trial. Id. Where the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the burden of proof, summary judgment is appropriate. Id.; see, also, CelotexCorp. v. Catrett (1986), 477 U.S. 317, 324, 106 S.Ct. 2548,91 L.Ed.2d 265.
 {¶ 24} This case may be resolved in summary judgment because the only dispute involves the interpretation of various terms of the Policy. The interpretation of the terms and conditions of a contract is a question of law decided by the court, and an appellate court uses a de novo standard of review in such circumstances. Children's Med. Ctr. v.Ward (1993), 87 Ohio App.3d 504, 508, 622 N.E.2d 692.
 {¶ 25} Before dealing with the specific issue raised by Appellant's assignment of error, we must first note it appears that even if the Policy is ambiguous as described by Appellant, he could not recover the uninsured motorist property damage ("UMPD") benefits that he has alleged because of statutory restrictions. It is true that R.C. 3937.181(A) requires insurers to make UMPD coverage available to motorists who purchase UM coverage. However, the scope of UMPD coverage is limited by R.C. 3937.181(B), which states:
 {¶ 26} "(B) The coverage made available under this section need not exceed the lesser of seventy-five hundred dollars or the amount otherwise available from the policy for damages to, or the destruction of, the motor vehicle. The coverage shall be subject to a maximum two-hundred-fifty-dollar deductible. The losses recoverable under thissection shall be limited to recovery for that destruction of or damage tothe motor vehicle specifically identified in the policy directly causedby an uninsured motor vehicle whose owner or operator has beenidentified." (Emphasis added.)
 {¶ 27} The type of coverage that Appellant is attempting to recover is prohibited by the highlighted portion of the statute. The Eighth District Court of Appeals came to this same conclusion in the Brocious
case relied on by the trial court. The issue in Brocious is identical to the issue in the case at bar:
 {¶ 28} "The primary complaint by both plaintiffs is that Progressive should not be entitled to define broadly an uninsured motorist as an unidentified hit and run driver and agree to pay property damage caused by the uninsured hit and run driver, but later in the policy exclude from uninsured motorists coverage any damage caused by an unidentified hit and run driver." Brocious, 8th Dist. Nos. 74349 and 75914, at 2.
 {¶ 29} Brocious noted that R.C. Chapter 3937 distinguishes between UM coverage for property damage and for damages based on bodily injuries. R.C. 3937.18 provides coverage for bodily injury whether or not the driver of the uninsured vehicle is identified. In R.C. 3937.181(B), Ohio's legislature chose to prevent an insured from recovering for UMPD, though, if the driver of the uninsured vehicle was unidentified. R.C.3937.181(B) states that recovery "shall be limited" to those instances when the driver of the uninsured vehicle has been identified. When a statute uses the term "shall," it indicates a mandatory application of the law and not a discretionary application of the law, unless otherwise indicated in the statute. Ohio Dept. of Liquor Control v. Sons of ItalyLodge 0917 (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368. According to the Brocious court, UMPD coverage is simply not available when the operator of the uninsured vehicle has not been identified.
 {¶ 30} Although Appellant contends that such a restriction of UMPD coverage is against public policy, it is the legislature that defines public policy. Williams v. Scudder (1921), 102 Ohio St. 305, 131 N.E. 481, paragraphs three and four of the syllabus. Unless a statute clearly violates the federal or state constitution, the legislature's public policy decisions, as expressed by statute, will be upheld by the courts. Id.
 {¶ 31} There were undoubtedly other means for Appellant to obtain similar insurance coverage for the damage that occurred to his vehicle. Appellant could not obtain that coverage through the UMPD section of the Policy because of the prohibition stated in R.C. 3937.181(B). It appears that Appellant failed to purchase general property damage coverage for his own automobile.
 {¶ 32} Returning now to Appellant's argument on appeal, we are not convinced that there are any ambiguities in the policy that require our interpretation following our review of the relevant portions of the policy. There is no question that a "hit-and-run vehicle" refers to a vehicle in which the driver is not identified. See, e.g., Girgis v. StateFarm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, 306, 662 N.E.2d 280. The parties also agree that Appellant paid for UMPD coverage. The Policy clearly contains a UMPD provision, as is shown by the following excerpt from the Policy:
 {¶ 33} "Insuring Agreement — Uninsured Motorist Property Damage Coverage
 {¶ 34} "Subject to the Limits of Liability, if you pay a premium for Uninsured Motorist Property Damage Coverage, we will pay for damages, other than punitive or exemplary damages, which an insuredperson is entitled to recover from the owner or operator of an uninsuredmotor vehicle due to property damage:
 {¶ 35} "1. caused by accident; and
 {¶ 36} "2. arising out of the operation, maintenance or use of anuninsured motor vehicle." (Emphasis in original; Policy, p. 13.)
 {¶ 37} There is also no question that the Policy provides property damage coverage for "hit-and-run" accidents as part of the definition of an "uninsured motorist":
 {¶ 38} "5. `Uninsured motor vehicle' means a land motor vehicle:
 {¶ 39} "a. to which no liability bond or policy applies at the time of the accident.
 {¶ 40} "b. to which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:
 {¶ 41} "i. denies coverage; or
 {¶ 42} "ii. is or becomes insolvent; or
 {¶ 43} "c. whose operator or owner cannot be identified and which causes an accident resulting in bodily injury to an insured person.
Provided, however:
 {¶ 44} "i. the insured person, or someone on his or her behalf, reports the accident to the police or civil authority within twenty-four (24) hours or as soon as practicable after the accident; and
 {¶ 45} "ii. independent corroborative evidence exists to prove that the bodily injury was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. The testimony of an insured person seeking payment under this Part III shall not constitute independent corroborative evidence unless the testimony is supported by additional evidence.
 {¶ 46} "We will not pay for property damage unless there is actual physical contact between a hit-and-run vehicle and the covered vehicle. * * *" (Emphasis in original; Policy p. 15.)
 {¶ 47} Finally, there is no doubt that there is an exclusion for UMPD coverage when the driver of the vehicle that caused the property damage is unidentified:
 {¶ 48} "Coverage under this Part III is not provided for propertydamage: * * * 8. if the owner or operator of the uninsured motor vehicle
has not been identified." (Emphasis in original; Policy p. 17.)
 {¶ 49} Appellant's contention that these provisions create an ambiguous contract is not well founded. The Policy clearly grants broad, general UMPD coverage for hit-and-run accidents on one hand and then takes certain portions of it away a few paragraphs later in an exclusion. The terms of the Policy are patently obvious even upon a cursory reading. Insurance policies universally use exclusions to limit coverage that is granted elsewhere in a policy. Ohio courts generally uphold exclusions, with the following caveat:
 {¶ 50} "an exclusion must be conspicuous and in terminology easily understood by a customer. A customer must be aware of the provision, understand the meaning and voluntarily agree to any restrictions on the full coverage statutorily mandated." Ady v. W. Am. Ins. Co. (1982),69 Ohio St.2d 593, 599, 433 N.E.2d 547.
 {¶ 51} Exclusions are read narrowly, and courts generally presume that anything that is not clearly excluded from the operation of an insurance contract is included in the operation of the contract. King v.Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 214, 519 N.E.2d 1380.
 {¶ 52} The exclusion at issue plainly identifies the scope and terms of the exclusion; there is no UMPD coverage, "if the owner or operator of the uninsured motor vehicle has not been identified." (Policy, p. 17.) The exclusion was prefaced by a bold caption that stated:
 {¶ 53} "Exclusions — Read the following exclusionscarefully. If an exclusion applies, coverage will not be afforded underthis Part III."
 {¶ 54} The exclusion of UMPD coverage is a clear and well-labeled part of the Policy, and if the exclusion is enforceable, precludes coverage for Appellant's loss.
 {¶ 55} The crucial question is whether or not the UMPD exclusion is enforceable. Appellant appears to argue that the exclusion is unconscionable, and therefore unenforceable, because he paid a premium for UMPD coverage only to have the coverage completely removed by the exclusion. Appellant is essentially arguing that the UMPD coverage was illusory.
 {¶ 56} An insurance contract is not illusory if there is some benefit derived from the premium that is paid. See, e.g., Breeding v.Fireman's Fund Am. Life Ins. Co. (1985), 27 Ohio App.3d 81, 85,499 N.E.2d 890.
 {¶ 57} The record shows that the UMPD coverage was not illusory. Appellant paid a premium for both uninsured/underinsured motorist ("UM/UIM") coverage and for UMPD coverage. (Policy, Declarations page.) The Policy definition of "uninsured motorist" applies to the entire UM/UIM section of the Policy, which contains coverage for both bodily injury and property damage. The Policy definition of "uninsured motorist" draws some distinctions between hit-and-run drivers for purposes of bodily injury coverage as opposed to property damage coverage. (Policy, p. 13.) The part of the definition limiting property damage coverage to those situations in which the hit-and-run driver has made physical contact with the insured's vehicle appears to contrast with the requirements for bodily injury coverage (which does not require proof of physical contact). Although the definition of "uninsured motor vehicle" limits both bodily injury and property damage coverage when the accident was caused by a hit-and-run driver, the definition also encompasses broad coverage when the other driver is identified.
 {¶ 58} Obviously, the mere fact that an insurance policy contains a definition for a word or phrase that appears somewhere in the policy does not mean that there is coverage for a defined word or phrase. An insurance contract must be read as a whole, including any coverage exclusions, in order to identify the intent of the parties. Monsler v.Cincinnati Cas. Co. (1991), 74 Ohio App.3d 321, 330, 598 N.E.2d 1203. There would be no point in spelling out an exclusion if the policy did not at least imply some type of affirmative coverage in the first instance.
 {¶ 59} The Policy provides coverage for accidents caused by both identified and unidentified drivers who are uninsured. The Policy then excludes property damage coverage for uninsured motorists who cannot be identified. Appellant's premium continues to pay for UMPD caused by uninsured motorists who can be identified. (Policy, pp. 13-16.) Therefore, reading the Policy as a whole, the UMPD premium was paid in return for a recognizable benefit, i.e., coverage for property damage caused by identifiable uninsured motorists.
 {¶ 60} In conclusion, Appellant did not provide the trial court with any specific facts or arguments to establish a genuine issue for trial. Appellant has not shown that the Policy is ambiguous, and has not attempted to explain how he could have enforced a property damage claim in a hit-and-run accident when R.C. 3937.181(B) prohibits recovery for such a claim. The record also fails to support Appellant's argument that the UMPD coverage was illusory. It is clear from the Policy that the UMPD benefits applied to accidents involving identifiable uninsured motorists. We overrule Appellant's assignment of error. Summary judgment was appropriate in this case, and the judgment of the Mahoning County Court of Common Pleas is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.