[Cite as *Cumberland Trail Homeowners Assn., Inc. v. Bush*, 2011-Ohio-6041.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CUMBERLAND TRAIL HOMEOWNERS ASSOCIATION, INC. | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case No. 11 CA 40 |
| PETER F. BUSH, et al. | O P I N I O N |
| Defendants-Appellants | |


CHARACTER OF PROCEEDING:     Civil Appeal from the Municipal Court,
                             Case No.  10 CVF 01457


JUDGMENT:                    Reversed


DATE OF JUDGMENT ENTRY:      November 15, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellants

ELIZABETH J. WATTERS                  STEVEN W. MERSHON
CHESTER, WILLCOX & SAXBE              MERSHON AND PREDIERI
65 East State Street, Suite 1000      128 South Main Street, Suite 100
Columbus, Ohio  43215                 Granville, Ohio  43025

*Wise, J.*

{¶1}   Defendants-Appellants Peter and Sharon Bush appeal the decision of the Licking County Municipal Court, which granted a monetary judgment against them in favor of Plaintiff-Appellee Cumberland Trail Homeowners Association, Inc. in an action seeking recovery of association fees and collection costs. The relevant facts leading to this appeal are as follows.

{¶2}   In 2004, appellants became the owners of Lot #199 in the Cumberland Trail Subdivision, Etna Township, with a present street address on Arrow Wood Court. This property is subject to a 1998 declaration of covenants, conditions, and restrictions which was recorded in Licking County in 1998. This declaration was enacted by Columbia Road, Ltd., the developer of the Cumberland Trail Subdivision, who was designated the "Declarant" in the original declaration. The covenants, among other things, limited the use of the lots and restricted the location and types of structures that could be built. However, the restrictions therein did not provide for the existence of a "homeowners association" and did not levy assessments against any lot owners.

{¶3}   The original Declaration contains the following pertinent provision in Article II:

{¶4}   "(A) TERM: These covenants are to run with the Lots and shall be binding on all Owners of the above-described real estate until January 1, 2037, after which time said covenants shall be automatically extended for successive periods of ten (10) years, unless an instrument signed by a majority of the Lot Owners is recorded, agreeing to change said covenants in whole or in part."

{¶5} In 2007, some of the owners of property in Cumberland Trail Subdivision, relying on the aforesaid provision, sought to amend the original subdivision covenants to create a homeowners association and to impose assessments on all homeowners in the subdivision. For that purpose, an "Amendment to Declaration of Covenants, Conditions and Restrictions for Cumberland Trail Subdivision Sections 1, 2, 3, 4, 4 (Part 2) and 5" was recorded on September 5, 2007, approximately three years after appellants purchased their home. Appellants took the position that they were not a party to the amendment and have not consented to the terms of the amendment.

{¶6} Appellee Association thereafter billed appellants for an initial reserve fee and dues. Subsequently, the Association billed appellants for dues for 2008, 2009 (in the amount of $95 each) and 2010 (in the amount of $105). These amounts were not paid.

{¶7} Appellee Association accordingly filed an action to recover fees in the Licking County Municipal Court. Appellants filed an answer and claimed that they did not owe the assessments because the purported amendment was ineffective. They also contended that the ownership of their home could not be subjected to additional restrictions that are not reasonably related to the restrictions that applied when they acquired the property. They further maintained that the restrictions could not be amended to require mandatory membership in a homeowners association, or to impose assessments, where there are no commonly owned assets to protect or improve.

{¶8} The trial court conducted a hearing on November 4, 2010, at the close of which the court asked for the submission of post-trial briefs and findings of fact. On

March 2, 2011, the trial court issued a judgment entry in which it held, inter alia, that "the documents filed of record with respect to the Cumberland Trail Homeowners Association gives that association legitimacy and also the power to assess property owners for dues and to enforce those assessments." Judgment Entry at 2. The trial court further granted judgment to Appellee Association for unpaid dues in the amount of $1,128.29, plus $376.10 for appellee's attorney fees.

{¶9} On April 1, 2011, appellants filed a notice of appeal. They herein raise the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ERRED IN ENTERING ITS JUDGMENT ENTRY AGAINST THE DEFENDANT[S]-APPELLANTS BECAUSE THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE PURPORTED AMENDMENT TO THE SUBDIVISION'S RESTRICTIVE COVENANTS AND IN ITS APPLICATION OF THOSE COVENANTS TO DEFENDANTS-APPELLANTS' HOME."

I.

{¶11} In their sole Assignment of Error, appellants argue the trial court erred in holding them responsible for annual assessments to the homeowners association via the 2007 amendments to the original restrictive covenants. We agree.

{¶12} Restrictive covenants in deeds are generally interpreted by those rules used to interpret contracts. *McBride v. Behrman* (1971), 28 Ohio Misc. 47, 272 N.E.2d 181, 57 O.O.2d 77 (additional citations omitted). In the case of contracts, deeds or other written instruments, the construction of the writing is a matter of law which is reviewed de novo. See *Martin v. Lake Mohawk Property Owner's Ass'n.,* Carroll App.No. 04 CA 815, 2005-Ohio-7062, ¶ 23, citing *Long Beach Assn., Inc. v. Jones*

(1998), 82 Ohio St.3d 574, 576, 697 N.E.2d 208. Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.*, Stark App.No. 2009CA00230, 2010-Ohio-1193, ¶ 6, citing *Children's Medical Center v. Ward* (1993), 87 Ohio App.3d 504, 622 N.E.2d 692.

{¶13} Ohio's legal system "does not favor restrictions on the use of property." *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.3d 263, 276. "The general rule, with respect to construing agreements restricting the use of real estate, is that such agreements are strictly construed against limitations upon such use, and that all doubts should be resolved against a possible construction thereof which would increase the restriction upon the use of such real estate." *Bove v. Geibel* (1959), 169 Ohio St. 325, 159 N.E.2d 425, paragraph one of the syllabus. Furthermore, "[i]f the covenant's language is indefinite, doubtful, and capable of contradictory interpretations, the court must construe the covenant in favor of the free use of land." *Farrell v. Deuble*, 175 Ohio App.3d 646, 888 N.E.2d 514, 2008-Ohio-1124, ¶ 11, citing *Houk v. Ross* (1973), 34 Ohio St.2d 77, 63 O.O.2d 119, 296 N.E.2d 266, paragraph two of the syllabus.

{¶14} Appellants argue that the original 1998 restrictive covenants, by their express language, cannot be amended until the year 2037. They further argue, in the alternative, that the 2007 amendment did not propose to simply amend the language of the existing covenants -- i.e., "to change said covenants in whole or in part" - as set forth in the original Declaration; instead, the Amendment purported to "add" new obligations to the subdivision covenants.

{¶15} The key language of Article II(A) of the original covenants states that they "shall be binding on all Owners of the above-described real estate until January 1,

2037, after which time said covenants shall be automatically extended for successive periods of ten (10) years, unless an instrument signed by a majority of the Lot Owners is recorded, agreeing to change said covenants ***."

{¶16} The primary question before us is whether or not the above phrase beginning with "unless" expresses an intention by the drafters that any changes to the covenants are permitted only "after which time," i.e., January 1, 2037. Appellant directs us to the "last-antecedent rule" of contract interpretation, which states that referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. See *Wohl v. Swinney*, 118 Ohio St.3d 277, 279, 2008-Ohio-2334.

{¶17} Upon review, we hold Article II(A), when strictly construed and subjected to the last-antecedent rule, does not permit owner-initiated changes to the 1998 restrictive covenants pertaining to the Cumberland Subdivision prior to the January 1, 2037 limitation stated therein. Accordingly, the trial court erred as a matter of law in applying the homeowners association restrictions and fees to appellants.

**{¶18}**  Appellants' sole Assignment of Error is sustained.

**{¶19}** For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Licking County, Ohio, is hereby reversed.

By: Wise, J.

Farmer, J. concurs.

Hoffman, P. J., concurs separately.



JUDGES

JWW/d 1018

*Hoffman, P.J., concurring*

(¶20) I do not disagree with the majority's application of the "last-antecedent rule" to the restrictive covenant in the case sub judice.  However, I would go further and find the attempted change constituted more than a mere amendment.  It attempted to add new obligations to the subdivision covenants.   I would find the purported "amendment" unenforceable against Appellants also for this reason.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CUMBERLAND TRAIL HOMEOWNERS      :
ASSOCIATION, INC.                :
                                 :
        Plaintiff-Appellee       :
                                 :
-vs-                             :          JUDGMENT ENTRY
                                 :
PETER F. BUSH, et al.            :
                                 :
        Defendants-Appellants    :          Case No. 11 CA 40


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is reversed.

Costs assessed to appellee.


_____

_____

_____

JUDGES