[Cite as *Cumberland Trail Homeowners' Assn., Inc. v. Kinietz*, 2012-Ohio-2906.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CUMBERLAND TRAIL HOMEOWNERS' ASSOCIATION, INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-72 |
| RONALD S. KINIETZ, et al. | : | |
| | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 10 CV 01540

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      June 25, 2012

APPEARANCES:
For Appellant:                      For Appellee:

ELIZABETH J. WATTERS                RAYMOND DELEVIE
65 E. State St., Suite 1000         2770 East Main St., Suite 24
Columbus, OH 43215                  Bexley, OH 43209

Dennis Love                         Aegis Lending Corporation
20 South Second St.                 10049 N. Rieger Road
P.O. Box 830                        Baton Rouge, LA 70809
Newark, OH 43058-0830
                                    J.P Morgan Chase
                                    1111 Polaris Parkway
                                    Columbus, OH 43240

*Delaney, J.*

{¶1} Plaintiff-appellant Cumberland Trail Homeowners' Association, Inc. ("HOA") appeals from the June 20, 2011 judgment entry of the Licking County Court of Common Pleas granting defendant-appellees' motion for summary judgment. Defendant-appellees are Ronald and Kristy Kinietz.[1]

*FACTS AND PROCEDURAL HISTORY*

{¶2} This case arose when HOA filed suit against appellees for $945.95 in unpaid homeowners' association dues, interest, costs, and attorney's fees.

{¶3} In 1998, developer Columbia Road Ltd. recorded "Cumberland Trail, Section I, Declaration of Covenants, Conditions, and Restrictions." This document set forth 25 restrictions regarding construction and maintenance of residential homes in the Cumberland Trails subdivision. These covenants did not create a homeowners' association or levy assessments against homeowners.

{¶4} Article II of the 1998 Declaration includes the following provision:

(A) TERM: **These covenants are to run with the Lots and shall be binding on all owners of the above-described real estate until January 1, 2037, after which time said covenants shall be automatically extended for successive periods of ten (10) years, unless an instrument signed by a majority of the Lot Owners is recorded, agreeing to change said covenants in whole or in part.** Notwithstanding anything to the contrary contained herein, the covenants, conditions and restrictions established herein may, at any

---

[1] JP Morgan Chase, Aegis Lending Corporation, and the Licking County Treasurer are parties to the case in the trial court but are not parties in this appeal.

time, be amended, modified or replaced in whole or in part by the Declarant without the further consent or execution of any documents by any person or entity, including any person or entity who is at such time a Lot Owner, for so long as the Lots owned by Declarant constitute more than ten percent (10%) of the aggregate Lots located within the subdivision, including any additional property hereafter added to the Subdivision pursuant to the application of Article IV herein. (Emphasis added.)

{¶5} Columbia Road recorded a Second Supplemental Declaration in 2000. This Declaration subjected Lot No. 143, e.g., to the 1998 Declaration. Again, Columbia Road did not create a homeowners' association.

{¶6} Appellees purchased Lot No. 143 on January 7, 2001, and at the time of the purchase, no homeowners' association existed.

{¶7} In 2005, Columbia Road went into foreclosure and ultimately transferred its remaining property to First Merit Bank.

{¶8} In June 2007, HOA filed articles of incorporation with the Secretary of State, and shortly thereafter, by vote of a majority of the lot owners, recorded an Amendment to the Declaration. The Amendment purported to create a homeowners' association and to vest in it rights and duties reserved by Columbia Road in the original Declaration.

{¶9} In September 2009, HOA advised appellees they owed $380 in unpaid homeowners' association dues, interest, costs, and attorney fees.

{¶10} On June 4, 2010, HOA filed a complaint against appellees for $945.95 in homeowners' association fees, dues, attorney fees, interest, and costs.

{¶11} Appellees answered and counterclaimed for slander of title against HOA.

{¶12} On November 23, 2010, HOA filed an amended complaint in foreclosure against appellees and included defendants JP Morgan Chase Bank, NA, Aegis Lending Corporation, and the Licking County Treasurer. Appellees answered and renewed their counterclaim for slander of title.

{¶13} On December 28, 2010, appellees moved for partial summary judgment against HOA on the basis that the 1998 Declaration and its 2000 Second Supplemental Declaration provide no legal basis to require mandatory membership in a homeowners' association or to force residents to pay dues. HOA responded and also moved for summary judgment against appellees.

{¶14} The trial court initially ruled on February 24, 2011, that it denied HOA's motion for summary judgment, granted appellees' motion for summary judgment, and dismissed HOA's claims against appellees.[2]

{¶15} HOA asked the trial court to reconsider its judgment entry, specifically, to comply with Civ.R. 54(B). The trial court granted this request and issued an amended judgment entry on June 20, 2011.

{¶16} HOA now appeals from the decision of the trial court granting appellees' motion for summary judgment.[3]

{¶17} Appellant raises two Assignments of Error:

---

[2] Appellees' complaint for slander of title remained pending.
[3] Appellees initially filed a cross-appeal from the trial court's decision granting the motion to reconsider, but then moved to dismiss the cross-appeal. We granted the motion to dismiss on October 17, 2011.

{¶18} "I.   THE TRIAL COURT ERRED IN ENTERING ITS AMENDED JUDGMENT ENTRY AND GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFF-APPELLANT BECAUSE THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE 1998 DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS OF CUMBERLAND TRAIL, INSTRUMENT NO. 199810130038908, WHICH WAS RECORDED WITH THE LICKING COUNTY RECORDER'S OFFICE ('DECLARATION')."

{¶19} "II. THE TRIAL COURT ERRED IN ITS AMENDED JUDGMENT ENTRY AND GRANTING SUMMARY JUDGMENT AGAINST THE PLAINTIFF-APPELLANT BECAUSE THE TRIAL COURT ERRED IN ITS INTERPRETATION OF THE AMENDMENT TO DECLARATION OF COVENANT, CONDITIONS, AND RESTRICTIONS FOR CUMBERLAND TRAIL SUBDIVISION SECTIONS 1, 2, 3, 4, 4 (PART 2) AND 5, INSTRUMENT NUMBER 200709050023500, FILED WITH THE LICKING COUNTY RECORDER'S OFFICE ('AMENDMENT'), AND IN ITS APPLICATION OF THE AMENDMENT TO PLAINTIFF-APPELLANT CUMBERLAND TRAIL HOMEOWNERS ASSOCIATION."

I., II.

{¶20} Appellant argues in its two assignments of error the trial court incorrectly interpreted the 1998 Declaration and its Amendment.  We disagree and overrule appellant's two assignments of error on the principle of stare decisis, upon the authority of *Cumberland Trail Homeowners Assn., Inc. v. Bush*, 5th Dist. No. 11 CA 40, 2011-Ohio-6041, appeal not allowed, 131 Ohio App.3d 1485, 2012-Ohio-1143,

963 N.E.2d 825. The two assignments of error are related and will be considered together.

{¶21} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994), citing *Temple v. Wean United, Inc.* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶22} Appellant argues the trial court misapplied the "last antecedent rule of grammar" in its interpretation of Article II, Section A of the 1998 Declaration. We disagree.

{¶23} Restrictive covenants in deeds are generally interpreted by those rules used to interpret contracts. *McBride v. Behrman*, 28 Ohio Misc. 47, 50, 272 N.E.2d

181 (1971). In the case of contracts, deeds, or other written instruments, the construction of the writing is a matter of law which is reviewed de novo. See, *Martin v. Lake Mohawk Property Owner's Ass'n.*, 5th Dist. No. 04 CA 815, 2005-Ohio-7062, ¶ 23, citing *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998). Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.*, 5th Dist. No. 2009CA00230, 2010-Ohio-1193, ¶ 6, citing *Children's Medical Center v. Ward*, 87 Ohio App.3d 504, 622 N.E.2d 692 (1993).

{¶24} Ohio's legal system "does not favor restrictions on the use of property." *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 276, 328 N.E.2d 395 (1975). "The general rule, with respect to construing agreements restricting the use of real estate, is that such agreements are strictly construed against limitations upon such use, and that all doubts should be resolved against a possible construction thereof which would increase the restriction upon the use of such real estate." *Bove v. Geibel*, 169 Ohio St.3d 125, 159 N.E.2d 425 (1959), paragraph one of the syllabus. Furthermore, "[i]f the covenant's language is indefinite, doubtful, and capable of contradictory interpretations, the court must construe the covenant in favor of the free use of land." *Farrell v. Deuble*, 175 Ohio App.3d 646, 2008-Ohio-1124, 888 N.E.2d 514, ¶ 11, citing *Houk v. Ross*, 34 Ohio St.2d 77, 296 N.E.2d 266 (1973), paragraph two of the syllabus.

{¶25} As noted supra, we previously have been asked to interpret the operation of the 1998 Declaration and Amendment, and have no basis to deviate from our rationale in that case. *Cumberland Trail Homeowners Assn., Inc. v. Bush*, 5th

Dist. No. 11 CA 40, 2011-Ohio-6041, appeal not allowed, 131 Ohio App.3d 1485, 2012-Ohio-1143, 963 N.E.2d 825 ["*Bush*"].

{¶26} In *Bush,* we focused on the language cited supra from Article II, Section A, and found:

> The primary question before us is whether or not the above phrase beginning with "unless" expresses an intention by the drafters that any changes to the covenants are permitted only "after which time," i.e., January 1, 2037. Appellant directs us to the "last-antecedent rule" of contract interpretation, which states that referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent. See *Wohl v. Swinney*, 118 Ohio St.3d 277, 279, 2008-Ohio-2334, 888 N.E.2d 1062.

> Upon review, we hold Article II(A), when strictly construed and subjected to the last-antecedent rule, does not permit owner-initiated changes to the 1998 restrictive covenants pertaining to the Cumberland Subdivision prior to the January 1, 2037 limitation stated therein. Accordingly, the trial court erred as a matter of law in applying the homeowners association restrictions and fees to appellants.

> Id., 2011-Ohio-6041 at ¶ 16.

We agree, therefore, with the trial court, which applied the last-antecedent rule by stating: "By this rule of construction, the phrase 'unless an instrument signed by a majority of the Lot Owners is recorded, agreeing to change said covenants in whole or in part' refers to the automatic ten-year extension of the covenants. It would not allow

for modification of the covenants by the lot owners prior to 2037." We, too, find nothing in the Declaration that negates this rule of construction.

{¶27} Moreover, as both the trial court and the concurring writer in *Bush* noted, no basis exists to permit HOA to require membership in a homeowners' association, along with its obligations to pay dues and fees. We are unwilling to find any covenant or restriction where nothing in the Declaration evidences intent to create one. See, *Bush*, supra, 2011-Ohio-6041 at ¶ 20.

{¶28} For the reasons stated in the foregoing opinion, appellants' two assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.

And Edwards, J. concur.

Hoffman, J. concurs separately

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

PAD:kgb

*Hoffman, J., concurring*

{¶29} I concur for the same reasons set forth in my concurrence in *Cumberland*

*Trail Homeowners Assn., Inc. v. Bush*, 5th Dist. No. 11 CA 40, 2011-Ohio-6041.


_____
HON. WILLIAM B. HOFFMAN

[Cite as *Cumberland Trail Homeowners' Assn., Inc. v. Kinietz*, 2012-Ohio-2906.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CUMBERLAND TRAIL HOMEOWNERS' ASSOCIATION, INC. | : : : | |
| Plaintiff-Appellant | : : | |
| -vs- | : : | JUDGMENT ENTRY |
| RONALD S. KINIETZ, et al. | : : : | |
| Defendants-Appellees | : : | Case No. 11-CA-72 |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


        HON. PATRICIA A. DELANEY


        HON. WILLIAM B. HOFFMAN


        HON. JULIE A. EDWARDS