ZIEGLER *v.* CURTIS.

*Executors and administrators — Personal liability — Failure to pay claims — Knowledge of existence — Claim presented and payment promised.*

An executor's knowledge of the existence of a claim against the decedent's estate is not sufficient to render him liable for its payment where he disposes of the estate without paying it; but he is liable where the claim was presented at a time when there were funds in his hands sufficient to meet the obligation and he promised to pay it.

(Decided January 17, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Ben B. Nelson,* for plaintiff in error.
*Mr. Thorne Baker,* for defendant in error.

CUSHING, J.  Ira Curtis recovered a judgment against Mary S. Ziegler in the municipal court. It was affirmed by the court of common pleas, and

this proceeding is prosecuted to reverse that judgment.

The statement of the claim in the suit filed November 28, 1917, was that John Ziegler died in 1914, that his will was probated, and his widow, the plaintiff in error, was appointed executrix June 8, 1914; that about seven months after that appointment Curtis presented to her an account for goods sold and delivered and labor performed to and for the Ziegler Express Company, the name under which Ziegler did business; that there was a balance due on said account of $191.47; that she promised to pay said claim, but instead of so doing paid other claims in full and exhausted the fund in her hands as executrix; and that she closed the estate on October 22, 1915.

In her statement of defense, Mrs. Ziegler denied the allegations of the petition, except as to the death of John Ziegler, that she was his widow, her appointment as executrix, and that she closed the estate on October 22, 1915.

The case was tried to a jury in the municipal court.

Many objections were made by counsel for Mrs. Ziegler to the introduction of evidence, and most of them were as to the question of the admissibility in evidence of the book of account of Curtis. This book was shown to have been the book of original entries, in which the charges were made against the Ziegler Express Company. There was some evidence other than this book tending to establish that John Ziegler owned two machines and at different times brought them to plaintiff's place of business for repairs, and that he did business as the Ziegler

Express Company. The admission of this testimony and the book was not erroneous.

The issues made by the pleadings in the municipal court were whether or not Curtis presented his claim to Mrs. Ziegler as executrix; whether it was presented before she had paid out the fund in her hands as such executrix; and whether on presentation she promised to pay the claim.

The court should have stated to the jury the issues submitted for their consideration and the rule of law by which they should determine them. This the court did not do. It stated:

"You must find from the evidence that the John Ziegler Express Company was John Ziegler, deceased, and that this claim was presented to the executrix during the time allowed for the administration of estates, and that the defendant knew of this claim at the time, but did not allow such claim in administering and closing up the entire estate."

Plaintiff in error complains of the part of the charge that "the defendant knew of this claim," etc. The court of common pleas in considering this question stated that knowledge of the existence of the claim was sufficient to make her responsible if she disposed of the assets of the estate without paying it.

Both the instruction of the municipal court to the jury on this question and the statement of the court of common pleas as to knowledge of the claim were erroneous and prejudicial. Knowledge of the existence of a claim is not sufficient to bind an executor for its payment. Even when claims are presented, executors and administrators are entitled to a reasonable time for the examination of each claim

against the estate before endorsing its allowance or rejection. (*Keenan* v. *Saxton's Admrs.,* 13 Ohio, 41.)   An executor may have knowledge of a claim, but if it is not presented for allowance or rejection, the estate may be closed without making the executor liable.   If, however, on presentation, the executor promises to pay, he will be liable for a failure so to do if presented at a time when there were funds in his hands sufficient to discharge the obligation. The liability arises from the allowance of the claim and the promise to pay.

The charge of the court to the jury was erroneous, and the opinion of the judge of the court of common pleas did not correctly state the law.   The judgments of the court of common pleas and of the municipal court will therefore be reversed and the cause remanded for a new trial.

*Judgments reversed.*

SHOHL, P. J., and HAMILTON, J., concur.