MORGAN, APPELLANT, *v.* THE CITY NATIONAL BANK & TRUST CO. OF COLUMBUS, EXR., APPELLEE.

[Cite as Morgan v. City National Bank & Trust Co., 4 Ohio App. 2d 417.]

(No. 7390—Decided February 11, 1964.)

*Messrs. Volkema, Wolske & Bopeley* and *Mr. Thomas Bopeley,* for appellant.
*Mr. Warren G. Riggs,* for appellee.

DUFFY, P. J. This is an appeal from the judgment of the trial court sustaining the demurrer to the second amended petition. The entry of the trial court indicates that the plaintiff, appellant herein, did not ask to plead further, and the court "orders that defendant go hence without day and recover its costs herein."

The second amended petition alleged that on June 18, 1962, the defendant corporation was named executor of the estate of Della B. Gary; that on or about August 21, 1962, the plaintiff filed with the defendant an oral claim for services rendered to the decedent; and that on the same day the claim was rejected orally by the defendant. The plaintiff sought to recover $28,800 as the reasonable value of her services rendered to the decedent. A demurrer to this second amended petition was sustained for the reason that the allegations of the petition did not state facts which show a cause of action. The court stated that

plaintiff had not complied with the provisions of Section 2117.06 of the Revised Code, nor had she brought herself within the exceptions provided in Section 2117.30, Revised Code. The trial court based its ruling on the case of *Beacon Mutual Indemnity Co.* v. *Stalder, Admr.,* 95 Ohio App. 441.

The original petition in this case was filed on October 16, 1962, and a copy of the petition was served on a trust officer of the defendant corporation on the same day. The plaintiff contends that this was a compliance with the provisions of Section 2117.06, as the petition was in writing and was served on the defendant corporation within four months of its appointment as executor. While the serving of the petition on the executor might well constitute a compliance with Section 2117.06 as to the written presentment of a claim, the petition considered by the trial court in the sustaining of the demurrer alleged only an oral presentation and an oral rejection of the claim.

We believe that a proper presentment and rejectment are conditions precedent to suit, and nowhere in the file is there any indication that the executor has ever given written notice of the disallowance of the claim. It is apparent that the executor did not consider the service of the petition as a receipt of notice of a claim. See Sections 2117.11 and 2117.12, Revised Code.

Since the petition alleges only the oral presentation and the oral rejection, we believe that the demurrer to the second amended petition was properly sustained, and the judgment of the Common Pleas Court is, therefore, affirmed.

*Judgment affirmed.*

DUFFEY and TROOP, JJ., concur.