PEOPLES NATIONAL BANK, APPELLEE, v. TREON, EXRX., APPELLANT.

(No. 83-CA-58—Decided May 9, 1984.)

*Messrs. McCulloch, Felger, Fite & Gutmann Co., L.P.A.,* and *Mr. Jack L. Neuenschwander,* for appellant.

*Messrs. Spidel, Staley, Hole & Hanes, Mr. Thomas C. Hanes* and *Mr. Hugh A. Staley,* for appellee.

KERNS, J. This appeal is directed to a summary judgment entered in the Court of Common Pleas of Miami County. On October 16, 1981, Odus H. Treon died testate. On October 27, 1981, his surviving spouse, Mary Ann Treon, was appointed executrix of his estate. At the time of the appointment, Mrs. Treon named attorney Robert Fite to represent her in the administration of the estate, and she filed the name of her attorney in the probate court as specifically required by R.C. 2109.03.

On January 20, 1982, or within three months of the appointment of the executrix, Mr. Fite received a statement captioned as a "Claim against Estate" and the document was addressed to "Robert Fite, Attorney for the Estate of Odus H. Treon." The claim involved a promissory note in the amount of $28,900, which had been drawn in favor of the plaintiff, Peoples National Bank, and which had been co-signed by Timothy J. Treon and Odus H. Treon. Although the claim was received by Attorney Fite a week before the expiration of the three months allowed for the presentation of claims under R.C. 2117.06, he did not notify the fiduciary, Mary Ann Treon, of the receipt of the claim until about two weeks after January 27, 1982.

Subsequently, Mrs. Treon elected to ignore the obligation created by the promissory note signed by the decedent, Odus Treon, because the claim reflecting the obligation was not presented to her personally within three months, and the underlying issue thus brought to the surface was whether the submission of the claim to the attorney named by the executrix under R.C. 2109.03 satisfied the presentment requirements of R.C. 2117.06.

In a comprehensive written decision, the court of common pleas discussed the only critical issue in the case at some length and concluded "that an attorney-at-law who is appointed as attorney for the estate pursuant to statute not only is an officer of the court in his capacity as attorney-at-law but is an officer of the probate court by virtue of his assuming the duty as attorney for an estate, and, as such, is a proper party to receive a presentment of claim for presentation to his executor for allowance or rejection."

Upon examination of the record, including the stipulations of the parties, we are likewise of the opinion that the method of presentation adopted by the Peoples National Bank was not fatal to its claim. Although the time requirement of R.C. 2117.06 is mandatory (see *Prudential Ins. Co. of America* v. *Joyce Building Realty Co.* [1944], 143 Ohio St. 564 [28 O.O. 480]), the Supreme Court has recognized that the usual manner of presentment contemplated by the stat-

ute does not preclude any other efficient means of notifying the fiduciary of the existence of a claim against the estate. *Fortelka* v. *Meifert* [1964], 176 Ohio St. 476 [27 O.O.2d 439].

In the present case, the executrix, of her own choice and as required by statute, selected Mr. Fite to represent her in all matters relating to the estate, and her suggestion that he was not her agent for the purpose of receiving valid claims does violence to the general rule that notice to an attorney of record constitutes notice to his client. See *Lutz* v. *Evatt* (1945), 144 Ohio St. 635 [30 O.O. 223]; *Coal Corp.* v. *Matthew Addy Co.* (1925), 112 Ohio St. 186. See, also, *Roma* v. *Indus. Comm.* (1918), 97 Ohio St. 247.

Manifestly, the object and purpose of requiring a timely presentation of claims is to secure an expeditious and orderly administration of the estate, and the acceptance of the claim by Fite on January 20, 1982, as agent of the fiduciary, completely eliminated any possibility of a delay of the type sought to be prevented by R.C. 2117.06. In fact, the only hang-up shown by the record stemmed from the inaction of Mrs. Treon's personal representative for the three-week period after January 20, 1982.

Accordingly, the alleged error is overruled, and the judgment of the court of common pleas is hereby affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.