CHILDREN'S MEDICAL CENTER, Appellant,

v.

WARD, Admr., Appellee, et al.

[Cite as *Children's Med. Ctr. v. Ward* (1993), 87 Ohio App.3d 504.]

Court of Appeals of Ohio,
Montgomery County.

No. 13596.

Decided April 23, 1993.

*Steven O. Dean,* for appellant.

*Thomas E. Dysinger* and *Jerome G. Menz,* for appellee.

FAIN, Judge.

Plaintiff-appellant Children's Medical Center ("CMC") appeals from a summary judgment rendered in favor of defendant-appellee Tammy L. Ward, Administrator of the Estate of Montay Sibert.

We conclude that R.C. 2117.06(A)(1) is satisfied by a computer-generated billing statement that (1) clearly indicates the creditor's name, address, and the precise amount of the obligation due; (2) identifies the decedent as the debtor; and (3) that is timely received by the administrator of the decedent's estate. We find that Ward is not entitled to judgment as a matter of law; accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings.

## I

Ward was appointed Administrator of the Estate of Montay Sibert on May 8, 1990. Montay died on April 25, 1990.

Ward averred that after Montay's death, in May 1990, she received three computer-generated billing statements from CMC. The record shows that these billing statements included CMC's name, address, the amount due, indicated the patient's name as "Montay Sibert," and indicated the "Responsible Party" as Tammy Ward. Ward further averred that during Montay's life, she regularly received these billing statements and would routinely forward them "directly to the guardian of Montay Sibert's estate for payment."

The amounts due on the three bills were $43,000, $9,000, and $6,843.69. Ward averred that Montay Sibert had been treated extensively by CMC since his birth for various medical conditions, and she characterized CMC's past billing statements as "statements for medical services."

Ward also averred that "shortly after his death," she had notified employees of CMC that Montay had died. There is no evidence of *written* notification to CMC of either Montay Sibert's death or the appointment of an executor for his estate.

CMC brought an action against Ward, as the Administrator of the Estate of Montay Sibert, seeking payment of the three bills at issue. Ward filed a counterclaim of wrongful death and medical malpractice against CMC and Valerie A. Woodmansee, D.O. The counterclaim is not material to this appeal.

The trial court found that "Tammy Ward reported the death of Montay Sibert to employees of The Children's Medical Center." The trial court also stated, in its order sustaining Ward's motion for summary judgment, that "[t]here is no evidence before the Court that the plaintiff sent any bills to Tammy Ward after the death of Montay Sibert other than the bills in May and June of 1990."

The trial court held that the three computer-generated billing statements did not constitute proper presentment of claims against an estate under R.C. 2117.06, and that "[t]he complaint does not state that claims were presented to Tammy Ward, as Administratrix of the Estate of Montay Sibert, and that the Administra-

trix rejected the claims. These representations are crucial to the filing of a complaint by a creditor against the fiduciary of a deceased's estate."

From the judgment of the trial court, CMC appeals.

## II

CMC's sole assignment of error is as follows:

"The trial court erred in granting summary judgment to the defendant administratrix, in regard to claims made against an estate, on the basis of improper presentment of claim, where the evidence before the court established that the administratrix received actual notice of the claims in writing prior to the filing of suit, and within the time limits imposed by statute."

As a threshold issue, we must determine whether the trial court was correct in observing that CMC's complaint was fatally flawed for failing to state that the claims were presented to Ward, as Administrator of the Estate of Montay Sibert, and that the administrator rejected the claims. Rejection by an administrator has been held to be a condition precedent to bringing an action on a claim. *Morgan v. City Natl. Bank & Trust Co. of Columbus* (1964), 4 Ohio App.2d 417, 33 O.O.2d 504, 212 N.E.2d 822. A non-response by an administrator cannot be considered a rejection under R.C. 2117.06(D) because a non-response does not prevent an executor from later either rejecting or allowing the claim. R.C. 2117.06(D) provides, in pertinent part:

"In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims * * * within thirty days after their presentation, provided that failure of the executor or administrator to allow or reject within that time shall not prevent him from doing so after that time and shall not prejudice the rights of any claimant."

R.C. 2117.06(H) provides, in pertinent part:

"Any person whose claim has been presented, and not thereafter rejected, is a creditor as that term is used in Chapters 2113. to 2125. of the Revised Code."

It is doubtful that an executor can both reject and allow the same claim. Therefore, a challenge to the form of a presentment must be considered a rejection, at least by implication. There is no reason to consider an implicit rejection to be anything but a final rejection because an executor has no affirmative duty to notify a potential claimant that a submitted bill is improperly presented. Generally, it is the responsibility of the claimant to ascertain who and where the executor is, and executors or legal representatives of the estate have no duty under R.C. 2117.06 to advise potential claimants on the procedure for

properly presenting a claim. 33 Ohio Jurisprudence 3d (1982) 460, Decedent's Estates, Section 1552.

Silence by an executor, in response to a submitted bill, does not save an improperly presented claim from being time-barred. On the other hand, if the claim is properly presented, silence by an executor should not bar the claimant from joining the class of creditors of the estate, or prevent the creditor from suing on the claim.

Additionally, as one Ohio court has commented, "[f]or obvious reasons, a fiduciary should not be permitted to accept a claim within the statutory period, hold it indefinitely, and then raise the statute of limitations as a defense because of some claimed defect in its form." *Gladman v. Carns* (1964), 9 Ohio App.2d 135, 138, 38 O.O.2d 149, 152, 223 N.E.2d 378, 381.

We conclude that an executor with actual knowledge of a legitimate debt of the estate, who personally receives a proper statement of that debt under R.C. 2117.06(A) and does not accept the claim within the thirty-day time period prescribed by R.C. 2117.06(D), effects a constructive rejection of the claim.

R.C. 2117.06(D) provides that if the executor does nothing with a properly presented claim, the rights of the creditor cannot be prejudiced by executor inaction. Therefore, we reject the trial court's contention that CMC's suit was not properly brought.

Another ancillary issue, raised by CMC, is whether CMC received sufficient notice of the decedent's death and whether a lack of written notice to CMC would either extend the statutory presentment period, or revive the claim. We do not reach this issue here because we find that the claim was properly presented.

Ward is entitled to summary judgment only if she can establish, through evidentiary material permitted by Civ.R. 56(C), that there is no genuine issue as to any material fact, that she is entitled to judgment as a matter of law, and that it appears from the evidence before the trial court that reasonable minds could come to but one conclusion and that conclusion is adverse to CMC, the nonmoving party, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

The standard of review in this court is *de novo*, since the propriety of summary judgment is a question of law. We must determine whether the moving party, Ward, has sustained her burden by establishing that there is no genuine issue of material fact. *AAAA Enterprises, Inc. v. River Place Community Urban Redev. Corp.* (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.

R.C. 2117.06(A) requires, in pertinent part:

"All creditors having claims against an estate * * * shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

" * * *

"(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. * * *

"(B) All claims shall be presented within one year after the death of the decedent * * *."

The time requirement of R.C. 2117.06 is mandatory.[1]  *Prudential Ins. Co. of Am. v. Joyce Bldg. Realty Co.* (1944), 143 Ohio St. 564, 28 O.O. 480, 56 N.E.2d 168.

The Ohio Supreme Court has further recognized that:

"The purpose and object of the law requiring the presentation of claims against an estate to the executor or administrator is manifestly to secure an expeditious and efficient administration of an estate by promptly providing such a fiduciary with the necessary information relating to the existence, amount and character of all indebtedness of the estate." *Fortelka v. Meifert* (1964), 176 Ohio St. 476, 479, 27 O.O.2d 439, 441–442, 200 N.E.2d 318, 321.

In *Fortelka,* the Ohio Supreme Court recognized that the method of presentment contemplated by R.C. 2117.06 does not preclude "another equally efficient method for the presentation of claims" and held that the timely filing of an action against the estate of the administrator's decedent, with proper service, constituted a valid presentation meeting R.C. 2117.06.

This court has previously agreed with *Fortelka* in *Peoples Natl. Bank v. Treon* (1984), 16 Ohio App.3d 410, 411, 16 OBR 480, 481, 476 N.E.2d 372, 373.  In *Treon,* the claim against the estate was presented to the attorney appointed by the estate's executor.  The claim was captioned "Claim against Estate," and was addressed to the attorney "for the Estate of ...," and we held that a claim against an estate is properly presented where the claim is presented to the attorney appointed by the executor of the estate to represent her in the administration of the estate, despite the fact that the executor did not receive notice of the claim until after the time allowed by R.C. 2117.06.

While Ohio law is strict on the time and notice elements of presentment, the form of the presentment has been less rigidly considered.  In meeting one of the

---

1.  At the time of Montay Sibert's death, R.C. 2117.06(B) required that all claims be presented within three months after the death of the decedent.  Because CMC sent the bills in question within three months of the decedent's death, there is no need to consider which version of the statute to apply.

three requirements of R.C. 2117.06(A), " '[a] claim against a decedent's estate need not be in any particular form; it is sufficient if it states the character and amount of the claim, enables the representatives to provide for its payment, and serves to bar all other claims by reason of its particularity of designation.' " *Carns, supra,* 9 Ohio App.2d at 138, 38 O.O.2d at 151, 223 N.E.2d at 381.

We agree that R.C. 2117.06(A)(1) imposes no strict form requirements on presentment of claims. Claims need only be "in a writing" and "presented" to the "executor or administrator" within the statutory time in R.C. 2117.06(B). The evidence here shows that CMC sent the bills within three months after the decedent's death, the statutory time of R.C. 2117.06(B) prior to its amendment in 1990, and that the bills were writings and were received by the administrator.

Of further significance is the fact that Ward knew of the decedent's debts to CMC, and that the billing statements included the name and address of the creditor, the name of the decedent debtor, the name of the administrator, and the precise amounts due. This information satisfies the particularity and efficiency requirements of *Fortelka* and *Carns, supra,* and comports with the nature and purpose of R.C. 2117.06: both to facilitate the prompt administration of estates and to bar claimants who, through indifference, carelessness, or a dilatory attitude, fail to make an effort to file their claims on time. 33 Ohio Jurisprudence 3d (1982) 465, Decedent's Estates, Section 1558.

We find CMC's presentment valid under R.C. 2117.06(A)(1) because the claim was timely sent, in a writing, to the administrator, and because under all of the prevailing circumstances, the notice to the administrator in her personal capacity constituted notice to the administrator in her capacity as fiduciary of the estate. She could not have been unaware of CMC's intention to seek payment from the decedent's estate.

Because the form of presentment was adequate under the statute, no genuine issue as to any material fact remains. Construing the evidence most strongly in favor of CMC, the nonmoving party, we find that Ward is not entitled to judgment as a matter of law.

CMC's sole assignment of error is sustained.

### III

CMC's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BROGAN and WOLFF, JJ., concur.