[Cite as *Efficient Air, Inc. v. Sufrad Ents., Ltd.*, 2012-Ohio-3983.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EFFICIENT AIR, INC. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-102 |
| SUFRAD ENTERPRISES, LTD., ET AL. | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 08 CV 00887

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      August 17, 2012

APPEARANCES:

For Appellant - Sufrad Enterprises, Ltd.:      For Appellees - Granvilla, Ltd./Randall
                                               Corbin/Ronald Criswell:

ERIC J. ROSENBERG                              THOMAS L. MAGELANER
395 N. Pearl St.                               1557 Vernon Odom Blvd., Suite 201
Granville, OH 43023                            Akron, OH 44320

*Delaney, P.J.*

{¶1}   Defendant/Cross-Claimant/Appellant Sufrad Enterprises, Ltd., appeals the September 2, 2011 judgment entry of the Licking County Court of Common Pleas. Appellees are Defendants/Cross-Claimants Granvilla, Ltd., Ronald Criswell, and Randall Corbin (hereinafter "Granvilla").

## FACTS AND PROCEDURAL HISTORY

{¶2}   Kristin Darfus is the principal and sole owner of Sufrad Enterprises, Ltd. Sufrad owns property located at 136 North Prospect, Granville, Ohio.

{¶3}   Granvilla, Ltd. is an Ohio limited liability company.  The principals of Granvilla, Ltd. include Ronald Criswell, Randall Corbin, and Thomas L. Magelaner. Magelaner is a practicing attorney associated with the law firm of Magelaner, Keating, & Associates, Ltd.

{¶4}   Sufrad entered into a lease agreement with Granvilla for the lease of 136 North Prospect from September 1, 2006 to August 31, 2011.  Granvilla leased 136 North Prospect in order to open a restaurant at that location.  The terms of the lease included the following language:

(4) Throughout the term hereof, Lessee shall keep the interior of the Leased Premises in as good order, repair and condition as the same were in at the commencement of the term expect (sic) for reasonable wear and tear, changes and alterations and damages resulting from Lessors' default.  Lessee shall not permit the Leased Premises to become or remain littered.

The Lessee shall maintain (B) Heating system and air conditioning equipment, in a reasonable and ordinary manner and the Lessor shall be responsible for replacement of said equipment.

* * *

(5) Lessee shall not create any openings in the exterior walls, not make any alterations, additions or improvements to the Leased Premises without prior written consent of Lessor. Consent for Lessor shall not unreasonably withhold nonstructural alterations, additions or improvements.

{¶5} During the initial lease negotiation process, Kristin Darfus's ex-husband, Todd Darfus, was involved in the management of Sufrad. Ronald Criswell discussed with Todd Darfus the replacement of the air conditioning at the property.

{¶6} The leased location previously housed a pizza restaurant. Granvilla employed an architect to remodel the location to make it suitable for a restaurant Granvilla intended to open named "Del-Mar." The architect discovered structural problems with the location that required correction before the building could be remodeled for the restaurant.

{¶7} John Podelco, general manager of Efficient Air, Inc., prepared a proposal for Granvilla to replace the existing HVAC system at the leased property for $33,400.00. Podelco examined the existing HVAC system at the property and saw that it was disconnected. In his opinion, the existing system needed replaced. Pete Shaw maintained the HVAC system at the property for Sufrad, but had no maintenance records for the HVAC system. Pete Shaw did not inspect the HVAC

system before it was replaced and was not aware if it was functioning or in need of replacement.

{¶8}   On May 14, 2007, Efficient Air, Inc. entered into a contract with Granvilla to install a HVAC system, including air conditioners, furnaces, and related equipment at the leased property for a total cost of $33,400.00.  In Podelco's opinion, the contract proposed by Efficient Air, Inc. was a replacement of the HVAC system and could not be done for less than the stated contract amount.  Criswell, construction project manager for Granvilla at the Del-Mar, signed the contract with Efficient Air, Inc. on behalf of Granvilla.  Criswell and Corbin signed personal guarantees of payment to Efficient Air, Inc.

{¶9}   In order to begin the project, Efficient Air, Inc. required the consent of Sufrad for the improvements to the property.  On June 26, 2007, Efficient Air, Inc. sent Sufrad a Request for Notice of Commencement.  Kristin Darfus prepared a Private Improvement Notice of Commencement and sent it to Efficient Air, Inc. on June 27, 2007.  Kristin Darfus obtained a second quote for the HVAC work in July 2007.  The second proposal was higher than the proposal by Efficient Air, Inc.  Criswell stated that Ms. Darfus told him to use his people to do the project.

{¶10} On October 24, 2007, Efficient Air, Inc. completed the HVAC project. Efficient Air, Inc. submitted an invoice to Granvilla for $33,400.00.  Granvilla paid $1,980.00 on the invoice, leaving a balance due of $31,420.00.  Granvilla and Sufrad refused to pay the remaining balance.

{¶11} Efficient Air, Inc. filed an Affidavit for Mechanic's Lien for recording with the Licking County Recorder.  In the Licking County Court of Common Pleas, Efficient

Air, Inc. filed a breach of contract cause of action against Granvilla, Criswell, and Corbin. Efficient Air, Inc. also filed a claim for unjust enrichment against Granvilla and Sufrad. Granvilla, Criswell, and Corbin filed a cross claim for breach of lease against Sufrad, arguing pursuant to the terms of the lease, Sufrad was responsible for replacing the HVAC equipment. Sufrad filed a cross claim against Granvilla, Criswell, and Corbin for breach of lease and damages suffered by the installation of the new HVAC equipment, removal of the old equipment, and structural repairs to the property that Sufrad believed were the responsibility of Granvilla. All parties requested attorney's fees.

{¶12} The trial court granted summary judgment in favor of Efficient Air, Inc. on its claim of breach of contract against Granvilla. The remaining claims proceeded to a bench trial before the magistrate on September 23, 2009.

{¶13} The magistrate issued the Magistrate's Decision on March 3, 2011. In the Magistrate's Decision, the magistrate recommended judgment in favor of Efficient Air, Inc. on its claim for unjust enrichment. The magistrate then recommended that Granvilla was entitled to recover on their cross claim for breach of the lease by Sufrad and that Sufrad's cross claim for breach of the lease by Granvilla was without merit and should be dismissed. The magistrate awarded Granvilla judgment in the amount of $33,400.00, plus statutory interest from October 10, 2007.

{¶14} The magistrate then considered the parties' requests for attorney's fees. The magistrate found Efficient Air, Inc. was entitled to attorney's fees from Granvilla based on the breach of contract claim and from Sufrad based on the unjust enrichment claim. Pursuant to the terms of the lease, Granvilla was entitled to

attorney's fees because of Sufrad's breach of the terms of the lease. However, the magistrate determined that because Granvilla was represented by Thomas Magelaner, a member of Granvilla, the award of attorney's fees would be in violation of Prof.Cond.R. 1.8(i) and as such, should not be awarded.

{¶15} The parties filed objections to the Magistrate's Decision. The trial court ruled on the objections and issued its judgment entry on September 3, 2011.

{¶16} The trial court first found the claim of unjust enrichment by Efficient Air, Inc. against Sufrad to be moot because Efficient Air, Inc. had received payment for its services and had released its mechanic's lien on the property.

{¶17} The trial court next affirmed the judgment to find in favor of Granvilla for breach of the lease by Sufrad, but the trial court modified the amount of damages awarded to the parties. Upon review of the evidence and objections, the trial court found Granvilla was liable under the Efficient Air, Inc. contract for $1,980.00. As such, Sufrad was liable under the contract for $31,420.00.

{¶18} Finally, the trial court reversed the magistrate's findings as to whether to award attorney's fees to Granvilla. The trial court determined Prof.Cond.R. 1.7 and 1.8 were not implicated by Magelaner's representation of the parties and his participation in Granvilla. The trial court awarded Granvilla reasonable attorney's fees from Sufrad in the amount of $10,186.50 and costs in the amount of $684.70.

{¶19} It is from this decision Sufrad now appeals.

**ASSIGNMENTS OF ERROR**

{¶20} Sufrad raises three Assignments of Error:

{¶21} "I. THE TRIAL COURT ERRONEOUSLY FOUND SUFRAD LIABLE FOR CROSSCLAIMS FILED BY THREE APPELLEES: (1) GRANVILLA LTD. ('GRANVILLA'); (2) RANDALL CORBIN ('APPELLEE/CORBIN') AND (3) RONALD CRISWELL ('APPELLEE/CRISWELL') (APPELLEE/CRISWELL, APPELLEE/CORBIN, AND GRANVILLA COLLECTIVELY REFERRED TO AS 'GRANVILLA DEFENDANTS'). TRIAL COURT'S SEPTEMBER 2, 2011 JUDGMENT ENTRY ('SEPT. JUDGMENT ENTRY') AT P.1-2.

{¶22} "II. THE TRIAL COURT ERRONEOUSLY REVERSED A MAGISTRATE FINDING THAT RULE 1.8(I) OF OHIO RULES OF PROFESSIONAL CONDUCT PROHIBITED GRANVILLA DEFENDANTS FROM RECEIVING ANY ATTORNEY FEE AWARD; ID. P.2-3 AND

{¶23} "III. THE TRIAL COURT ERRONEOUSLY CALCULATED 'ACTUAL' DAMAGES THAT MAY BE OWED THE GRANVILLA DEFENDANTS. ID. P.2."

**ANALYSIS**

*I.*

{¶24} Sufrad argues in its first Assignment of Error the trial court erred in finding Sufrad liable for breach of the lease pursuant to Granvilla's cross claim. We disagree.

{¶25} This matter was heard at a trial to the court. As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence

upon which the fact finder could base his or her judgment. *Peterson v. Peterson,* 5th Dist. No. CT2003–0049, 2004–Ohio–4714, ¶ 10, citing *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982).

{¶26} When construing and interpreting lease provisions, courts have applied traditional contract principles and have enforced a lease as written if its language is clear and unambiguous. *Myers v. E. Ohio Gas Co.*, 51 Ohio St.2d 121, 125, 5 O.O.3d 103, 364 N.E.2d 1369 (1977). It is a fundamental principle in contract construction that contracts should "be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Company,* 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. A reviewing court should give the contract's language its plain and ordinary meaning unless some other meaning is evidenced within the document. *Alexander v. Buckeye Pipe Line Company*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978). If the terms of the contract are determined to be clear and unambiguous, the interpretation of the language is a question of law reviewed de novo on appeal. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 628 N.E.2d 1377 (1994). Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Children's Medical Center v. Ward,* 87 Ohio App.3d 504, 622 N.E.2d 692 (2nd Dist. 1993).

{¶27} The lease between Sufrad and Granvilla states: "The Lessee shall maintain (B) Heating system and air conditioning equipment, in a reasonable and ordinary manner and the Lessor shall be responsible for replacement of said equipment." The terms of the lease are clear and unambiguous that Sufrad as Lessor

is responsible for the replacement of the HVAC system. The question presented by Sufrad is whether the HVAC system needed to be replaced or was the work an addition or improvement to the property and therefore the responsibility of Granvilla, the Lessee.

{¶28} Sufrad argues that while the terms of the lease provide that Sufrad is responsible for the replacement of the heating and air conditioning system, the evidence at trial shows the pre-existing HVAC system at the property did not need replaced. Sufrad argues Granvilla made the choice to remove the pre-existing HVAC system and install an improved HVAC system, which would be Granvilla's financial responsibility under the lease as an improvement or an addition.

{¶29} Our review of the transcript of the evidence presented at trial shows there was competent and credible evidence to support the trial court's judgment that the HVAC work was a replacement, not an improvement, and Sufrad was in breach of the lease for failing to be responsible for the replacement of the HVAC system at the property.

{¶30} Kristin Darfus testified the pre-existing HVAC system was in working order and did not need replaced. Kristin Darfus was aware Granvilla was going to have the HVAC system replaced and she consented to the replacement by completing a Private Improvement Notice of Commencement, which she sent to Efficient Air, Inc. Kristin Darfus also obtained an estimate from another company for a replacement of the HVAC system in July 2007.

{¶31} Pete Shaw, who serviced the HVAC system for Sufrad, testified he felt the system was in good working order and had remaining useful life. He did not keep

records of the work he had done on the system nor was he aware if the HVAC was functioning or in need of replacement in 2007. Pete Shaw testified that the life of an HVAC system is approximately twenty to twenty-five years. Shaw estimated that in 2007, the pre-existing HVAC system was approximately twenty-three years old.

{¶32} John Podelco, general manager of Efficient Air, Inc., examined the pre-existing HVAC system in 2007. At the time of his examination, the HVAC was disconnected and not functioning. It was his opinion that the equipment was old and needed replaced. The estimate provided to Granvilla was a replacement of the pre-existing HVAC system, not an improvement.

{¶33} Todd Darfus was involved in the lease negotiation process with Sufrad and Granvilla. He was aware the HVAC system needed replaced.

{¶34} Ronald Criswell, construction project manager for Granvilla, testified that he examined the HVAC in 2007 and it was not in working order.

{¶35} Accordingly, we find the judgment of the trial court to be supported by competent and credible evidence in the record that the lease requires Sufrad to replace the HVAC system, the pre-existing HVAC system required replacement, and the work done by Efficient Air, Inc. was a replacement of the pre-existing HVAC system.

{¶36} Sufrad's first Assignment of Error is overruled.

*II.*

{¶37} Sufrad next argues it was error for the trial court to award Granvilla attorney's fees because it is in violation of Prof.Cond.R. 1.8(i).

{¶38} At trial, Granvilla was represented by Thomas L. Magelaner. Magelaner is a practicing attorney associated with the law firm of Magelaner, Keating, & Associates, Ltd. Magelaner is also a member of Granvilla, a limited liability company. There is no evidence as to when Magelaner became a member of Granvilla. Sufrad never objected to Magelaner's representation of Granvilla during the proceedings. The Magistrate's Decision concluded that while Granvilla was entitled to attorney's fees due to the breach of the lease by Sufrad, Granvilla could not be awarded attorney's fees due to Prof.Cond.R. 1.8. The trial court reversed the Magistrate's Decision and awarded Granvilla attorney's fees because Magelaner's representation did not constitute a violation of Prof.Cond.R. 1.7 or 1.8.

{¶39} Prof.Cond.R. 1.7 governs conflicts of interest with an attorney's current client. It states:

(a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:

(1) the representation of that client will be directly adverse to another current client;

(2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or to carry out an appropriate courts of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

(b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:

> (1) the lawyer will be able to provide competent and diligent representation to each affected client;

> (2) each affected client gives *informed consent, confirmed in writing*;

> (3) the representation is not precluded by division (c) of this rule.

(c) Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:

> (1) the representation is prohibited by law;

> (2) the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding.  (Emphasis sic.)

{¶40} Prof.Cond.R. 1.8 states specific rules to prevent an attorney's conflict of interest with a current client:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client unless all of the following apply:

> (1) the transaction and terms on which the lawyer acquires the interest are fair and *reasonable* to the client and are fully disclosed to the client in *writing* in a manner that can be *reasonably* understood by the client;

(2) the client is advised in *writing* of the desirability of seeking and is given a *reasonable* opportunity to seek the advice of independent legal counsel on the transaction.

(3) the client gives *informed consent*, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b) Except as permitted or required by these rules, a lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent.

* * *

(i) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for the client, except that the lawyer may do either of the following:

(1) acquire a lien authorized by law to secure the lawyer's fee or expenses;

(2) contract with a client for a *reasonable* contingent fee in a civil case.

***

(k) While lawyers are associated in a *firm*, a prohibition in divisions (a) to (i) of this rule that applies to any one of them shall apply to all of them. (Emphasis sic.)

{¶41} Other than the knowledge that Magelaner is a member of Granvilla and represents Granvilla in this action, the evidentiary record before this Court is silent as to all issues raised in Prof.Cond.R. 1.7 and 1.8 that would aid in the determination of whether Magelaner's representation of Granvilla is a conflict of interest under the Rules of Professional Conduct.

{¶42} Further, Sufrad has not cited to any authority for the proposition that when an attorney member of a limited liability corporation represents the limited liability corporation in litigation, the limited liability corporation is not entitled to an award of attorney's fees upon a successful claim for breach of contract. Upon this record and arguments, this Court cannot say the trial court erred in finding there was no violation of Prof.Cond.R. 1.7 and 1.8 and therefore Granvilla was entitled to attorney's fees.

{¶43} Sufrad's second Assignment of Error is overruled.

*III.*

{¶44} Sufrad argues in its third Assignment of Error that the damages award to Granvilla was excessive. The Magistrate's Decision concluded Sufrad was liable for $33,400.00 in damages to Granvilla for breach of the lease. The Efficient Air, Inc. contract to replace the HVAC system was $33,400.00. Upon consideration of the objections to the Magistrate's Decision, the trial court reduced the damages award to $31,420.00 because Granvilla paid $1,980.00 for work beyond the replacement of the pre-existing HVAC system.

{¶45} Sufrad argues the material and labor costs by Efficient Air, Inc. included more than the replacement of the pre-existing HVAC system. Sufrad moved the trial

court to hear additional evidence on the issue of damages.  The trial court denied the motion.

{¶46} There is competent and credible evidence in the record to support the trial court's determination that the cost to replace the pre-existing HVAC system was $31,420.00.  The general manager for Efficient Air, Inc. testified on direct and cross-examination that the contract price was for the materials and labor involved in the replacement of the HVAC system and could not be done for less.  There was no abuse of discretion to deny Sufrad's motion to hear additional evidence on the issue of damages.

{¶47} Sufrad's third Assignment of Error is overruled.

**CONCLUSION**

{¶48} Sufrad's three Assignments of Error are overruled.

{¶49} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE


_____
HON. JULIE A. EDWARDS

PAD:kgb

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| | : | |
| EFFICIENT AIR, INC. | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No.   11-CA-102 |
| SUFRAD ENTERPRISES, LTD., ET AL. | : | |
| | : | |
| | : | |
| Defendant - Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. JULIE A. EDWARDS