[Cite as *Wilson v. Lawrence*, 2015-Ohio-4677.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102585

**JAMES A. WILSON**

PLAINTIFF-APPELLANT

vs.

**WILLIAM LAWRENCE, EXECUTOR, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-817159

**BEFORE:** Keough, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEY FOR APPELLANT**

Joseph J. Triscaro
Demarco & Triscaro, Ltd.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139

**ATTORNEYS FOR APPELLEES**

Matthew T. Wholey
James A. Goldsmith
Ulmer & Berne, L.L.P.
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, James A. Wilson ("Wilson"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, William Lawrence, Executor for the Estate of Joseph T. Gorman. Wilson also appeals the trial court's decision denying his motion for summary judgment against the estate. For the reasons that follow, we reverse and remand.

{¶2} In September 2011, Wilson and Gorman entered into a contract where Gorman agreed to purchase a 15 percent interest in Marine 1, L.L.C. for $300,000. The contract provided for payment in two phases: an initial payment of $100,000 at or near the time of the closing and quarterly payments of $50,000 for two years thereafter. Thus, the full purchase price was due on September 2, 2012. The first $100,000 was paid in full. Gorman did not make quarterly payments as specified in the contract, but sent monthly installments instead, with the last payment made on December 27, 2012. A total of $113,000 was paid by Gorman under the contract prior to his death on January 20, 2013. A balance of $187,000 plus interest remained unpaid.

{¶3} In November 2013, Wilson filed a breach of contract action against Lawrence, as executor of Gorman's estate, and Moxahela Enterprises, L.L.C. for monies due from Gorman on the unpaid contract.[1] Lawrence moved to dismiss the action pursuant to Civ.R. 12(B)(6), contending that the complaint was time-barred under R.C. 2117.06(B) and (C). The trial court denied the motion, concluding that statute of limitation challenges usually involve factual determinations; thus, outside the reach of Civ.R. 12(B)(6) review.

---

[1]All claims against Moxahela Enterprises, L.L.C. were voluntarily dismissed pursuant to Civ.R. 41(A)(1)(a) in November 2014.

**{¶4}** Following discovery, Lawrence moved for summary judgment again arguing that Wilson's complaint was time-barred under R.C. 2117.06. Wilson opposed the motion, advocating that his claim was presented to the executor of the estate within the six-month time frame as required by R.C. 2117.06. Wilson also filed a cross motion for summary judgment on his breach of contract claim.

**{¶5}** In January 2015, the trial court granted Lawrence's motion for summary judgment. In its written decision, the court stated,

> [Plaintiff] brings his action against the executor of an estate. The undisputed evidence is that [plaintiff] did not satisfy the requirements of R.C. 2117.06 for presenting claims against an estate within the applicable time period. Specifically, plaintiff's 7/11/13 letter giving notice of his claim against the decedent and his estate which letter was addressed and delivered to two individuals who were not in fact personal representatives of the decedent's estate was not legally sufficient as a matter of law under R.C. 2117.06. The letter does not factually or legally amount to notice of a claim to the executor in writing. Upon the undisputed material evidence, although that evidence is construed most strongly in favor of [plaintiff], a reasonable trier of fact could come to but one conclusion. Judgment is entered in favor of [defendant] Lawrence and against [plaintiff] as a matter of law upon all claims of [plaintiff's] complaint.

**{¶6}** Within this same ruling, the trial court denied Wilson's cross motion for summary judgment "since the undisputed evidence in the record shows [plaintiff] is not entitled to judgment in his favor."

{¶7} It is from these rulings that Wilson appeals, raising two assignments of error. In his first assignment of error, Wilson challenges the trial court's decision granting summary judgment in favor of Lawrence. In his second assignment of error, Wilson challenges the trial court's decision denying his motion for summary judgment.

{¶8} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996).

{¶9} Lawrence moved for summary judgment contending that Wilson did not comply with R.C. 2117.06; thus, his claim against the estate is forever barred.

{¶10} R.C. 2117.06 provides, in relevant part,

A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

(1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:

(a) To the executor or administrator in a writing * * *.

{¶11} In this case, Gorman passed away on January 20, 2013. According to R.C. 2117.06, Wilson had six months to present his claim against Gorman's estate or by July 20, 2013. Lawrence was appointed as executor of Gorman's estate on July 1, 2013, which was prior to Wilson sending any formal writing making a claim against the estate. Therefore, Wilson needed to comply with R.C. 2117.06(A)(1) in presenting his claim.

{¶12} On July 11, 2013, Wilson sent a letter addressed to both Randall S. Myeroff, Trustee, and Pat Clark. Myeroff was an accountant with Cohen and Company that handled Gorman's account during the time Gorman and Wilson entered into the contract at issue. He was also the Successor Trustee for Gorman's Revocable Trust. Clark was Gorman's executive assistant who Wilson communicated with about payment under the contract. While the letter was addressed to both Myeroff and Clark, the salutation of the letter was directed to "[t]o the heirs, administrators or executors of the Estate of; and the trustees or beneficiaries of the trust of; or any other creditors or interested persons in the proceeds of the Trust and/or Estate of Joseph T. Gorman, deceased  * * *."

{¶13} Myeroff and Clark each testified at deposition that they received the letter. Myeroff testified that he received the letter on July 12, 2013, and forwarded the letter to Lawrence and the attorney for the estate, James A. Goldsmith "at or about the same time [he] received it * * * probably within a week." (Deposition Randall Myeroff, p. 10-11.) Clark testified that she forwarded the letter on to Attorney Goldsmith "on the day [she] received it." (Deposition Patricia Clark, p. 34.)

{¶14} In a letter dated September 24, 2013, to Wilson's attorney, Attorney Goldsmith rejected the claim Wilson made against the Gorman's Estate because "it was not presented to the

Executor of the Estate in accordance with the Ohio Revised Code." The letter acknowledges that the attorney was aware that Wilson sent correspondence to Myeroff and Clark. "It has recently come to my attention that on behalf of your client, James Wilson, you mailed correspondence to the successor Trustee of the decedent's trust and the decedent's executive assistant regarding a claim Mr. Wilson allegedly has against the decedent's estate." The letter concludes that "[t]he mailing of this claim to the trustee of the decedent's trust and to his executive assistant are insufficient to effectuate the filing of an appropriate claim."

{¶15} The issue before this court is whether Wilson "presented" his claim against Gorman's estate prior to the six-month deadline pursuant to R.C. 2117.06. Lawrence contends that Wilson did not "present" the letter to the executor as required under R.C. 2117.06 because Wilson did not send or address the letter directly to the executor. Rather, Lawrence characterizes Wilson's letter as a "shot in the dark" because the statutory deadline for presentment was rapidly approaching. Wilson contends the letter he sent was sufficient because it ultimately was presented the executor, or at the very least, the attorney for the estate prior to the six-month deadline.

{¶16} The presentation requirement of R.C. 2117.06 is mandatory. *Fortelka v. Meifert*, 176 Ohio St. 476, 480, 200 N.E.2d 318 (1964), citing *Beach v. Mizner*, 131 Ohio St. 481, 485, 3 N.E.2d 417 (1936); *In Prudential Ins. Co. of Am. v. Joyce Bldg. Realty Co.*, 143 Ohio St. 564, 56 N.E.2d 168 (1944). Under R.C. 2117.06, only a written presentment provided to the administrator during the statutory time period can constitute the presentment of a claim within the meaning of the statute. *Id*. Therefore, the presentment of a claim in writing to the administrator of an estate is a condition precedent to a creditor bringing suit on that claim.

*Morgan v. City Natl. Bank & Trust Co.*, 4 Ohio App.2d 417, 418, 212 N.E.2d 822 (10th Dist.1964).

{¶17} However, in *Fortelka*, the Supreme Court considered whether the filing of an action without an allegation of prior presentment constitutes a valid presentment of the creditor's claim to the administrator and meets the requirements of R.C. 2117.06. *Id*. at the syllabus. The court recognized that the usual manner of presentment contemplated by the statute does not preclude any other efficient means of notifying the fiduciary of the existence of a claim against the estate. *Id*. at 480.

> "Since the law does not require a claimant or litigant to do a vain thing, the mandatory provisions of the statute requiring presentation in writing to the personal representative of claims against the estate he represents, are said to be quite uniformly softened and not enjoined when the application of such provisions would run contrary to reason and common sense."

*Id.*, quoting 22 Ohio Jurisprudence (2d), 653, Section 293.

{¶18} Clearly, the presentment of the claim in *Fortelka* was not prior to filing suit, but the Ohio Supreme Court recognized that the manner of presentment is not to be strictly considered when considering the facts of the case.

{¶19} Recognizing this "softened" consideration, this court has determined that a claim is "presented" under R.C. 2117.06 when it is received by the executor of administrator or the attorney for the estate *Cannell v. Bulicek*, 8th Dist. Cuyahoga No. 41362, 1980 Ohio App. LEXIS 12203, *2-3 (May 22, 1980), citing *In re Estate of McCracken*, 9 Ohio Misc. 195, 224 N.E.2d 181 (P.C. 1967).

{¶20} The Second District reached the same conclusion in *Peoples Natl. Bank v. Treon*, 16 Ohio App.3d 410, 476 N.E.2d 372 (2d Dist.1984). The court held that a claim presented to the executor's attorney satisfies the statutory presentment requirements under R.C. 2117.06. *Id*.

at syllabus; *see also In re Estate of Clark*, 11 Ohio Misc. 103, 229 N.E.2d 122 (C.P. 1967)(holding that receipt of written notice of claim by the attorney for the executor constitutes statutory presentment).

{¶21} Additionally, the Sixth Circuit considered whether the decedent's accountant could satisfy the presentment requirement under R.C. 2117.06 in *Hart v. Johnston*, 389 F.2d 239 (6th Cir.1968). In *Hart*, the court found that a question of fact existed regarding whether a claim was presented pursuant to R.C. 2117.06 when the accountant for decedent corresponded with the claimant and the accountant discussed claimant's debt with administrator.[2]

{¶22} Accordingly, Lawrence's strict interpretation of R.C. 2117.06 that the claim be directly presented to the administrator is rejected. As previously cited, courts, including this court, have upheld claims when the administrator was not the direct recipient of the claim. A claim may be deemed presented when other individuals connected with the estate receive the claim. Accordingly, the fact that Wilson's claim was forwarded to the estate attorney and the executor by a third party, who were connected with the decedent, is of no consequence; Wilson's "shot in the dark" possibly hit the target.

{¶23} Applying the softened standard to the presentment requirements to the facts of this case, and viewing those facts in the light most favorable to the nonmoving party, Wilson, we find that a genuine issue of material fact exists that would defeat Lawrence's motion for summary judgment.

---

[2] *But see Jackson v. Stevens*, 4th Dist. Scioto No. CA 1231, 1980 Ohio App. LEXIS 12905 (Jan. 24, 1980) (notice of claim sent to a third party, with copies of the claim letters sent and received by the executor prior to the statutory deadline was insufficient presentment under the statute). However, we find that *Jackson* is only persuasive authority and has not been relied on or cited as authority by any other reviewing court, including the Fourth District.

**{¶24}** The record before us does not conclusively show when Wilson's letter and claim were received by Lawrence or the attorney. Rather a question of fact remains — whether Lawrence or Attorney Goldsmith received Wilson's claim prior to the July 20, 2013 deadline. Both Myeroff and Clark testified that upon receipt of the letter, they immediately forwarded the letter to Attorney Goldsmith. Myeroff further testified that he sent it to Lawrence as well. If either Lawrence or the attorney received the claim prior to the deadline, then, the claim was presented to the executor pursuant to R.C. 2117.06. *See Cannell*, 8th Dist. Cuyahoga No. 41362, 1980 Ohio App. LEXIS 12203 (question of fact existed as to when the executor actually received the claim because the evidence showed that the claimant mailed the claim prior to the expiration of the statutory time but the executor did not locate the mailed claim, which was found under a stack of books, until after the time expired).

**{¶25}** Accordingly, a genuine issue of material facts exists that would defeat Lawrence's motion for summary judgment. Wilson's first assignment of error is sustained. In so holding, we further find that the trial court did not err in denying Wilson's motion for summary judgment, albeit we find for a different reason — a genuine issue of material fact exists whether the claim was timely presented. Wilson's second assignment of error is overruled.

**{¶26}** Judgment reversed and remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

ANITA LASTER MAYS, J., CONCURS;
MARY J. BOYLE, J., DISSENTS (SEE SEPARATE OPINION)


MARY J. BOYLE, J., DISSENTING:

**{¶27}** I respectfully dissent and would affirm the trial court's decision in its entirety.

**{¶28}** I disagree with the majority's application of the presentation requirement under R.C. 2117.06(A)(1)(a). The plain language of the relevant provision makes clear that "[a]ll creditors having claims against an estate * * * shall present their claims * * *, [a]fter the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, [t]o the executor or administrator in writing." Therefore, in order for creditors to present their claims, they must ascertain the identity of the executor or administrator of the estate. *Children's Med. Ctr. v. Ward*, 87 Ohio App.3d 504, 507, 622 N.E.2d 692 (2d Dist.1993). Furthermore, "where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Wrinkle v. Trabert*, 174 Ohio St. 233, 188 N.E.2d 587 (1963), paragraph two of the syllabus.

**{¶29}** Recognizing the agency relationship between an attorney and his or her clients, Ohio courts have held that the presentation requirement may also be satisfied when creditors present their claims to an executor's attorney. *See Peoples Natl. Bank v. Treon*, 16 Ohio App.3d 410, 476 N.E.2d 372 (2d Dist.1984).

{¶30} In this case, Wilson admits that he did not know the identity of the executor. Further, Wilson never notified the executor or the executor's attorney. Instead, Wilson delivered a letter to two individuals who were neither the executors nor personal representatives of the decedent's estate, and these individuals forwarded Wilson's letter on to the executor. Under these facts, I find that Wilson failed to present his claim to the executor.

{¶31} I find the Fourth District decision in *Jackson v. Stevens*, 4th Dist. Scioto No. CA 1231, 1980 Ohio App. LEXIS 12905 (Jan. 24, 1980), to be right on point and persuasive. In *Jackson*, the court held that there was no presented claim where a plaintiff sent a written notice of his claim to a third party who then forwarded it to the executor within the six-month deadline. In finding that the plaintiff failed to properly present his claim, the court emphasized that the statute requires presentment "to the executor or administrator," and therefore, presentment to a person other than the fiduciary fails to satisfy the statute.

{¶32} The majority's broad application of the statute defeats the intent of the law, "which is to assure expeditious and efficient administration of an estate by requiring prompt presentation of claims to the administrator." *Reid v. Premier Health Care Servs.*, 2d Dist. Montgomery No. 17437, 1999 Ohio App. LEXIS 999, * 14 (Mar. 19, 1999). By allowing a creditor to present a claim to anyone other than the fiduciary, the expeditious and efficient administration of an estate will be defeated by scenarios such as the instant case. Here, the majority's holding essentially shifts the standard from presentment to one of knowledge. This shift contravenes well-established precedent. *See*, *e.g.*, *In re Estate of Greer*, 197 Ohio App.3d 542, 2011-Ohio-6721, ¶ 13 (1st Dist.) (executrix's actual knowledge of claims within the six-month period did not render claims timely presented); *In re Estate of Curry*, 10th Dist. Franklin No. 09AP-469, 2009-Ohio-6571, ¶ 12-15 (rejecting plaintiff's contention that because the eventual

administrator had actual knowledge of the claim before the time for its presentation had expired, appellant's claim should be deemed valid); *Reid* (recognizing that an administrator, who had knowledge of creditor's claim, properly denied the claim when the creditor presented the claim prior to the administrator's actual appointment; knowledge of the claim during the statutory period but prior to official appointment fails to satisfy "presentment" requirement); *Ziegler v. Curtis*, 13 Ohio App. 484, 487 (1st Dist.1921) (recognizing that an executor's knowledge of a claim alone does not bar closing the estate without accounting for the claim when the claim was not "presented" for allowance or rejection).

{¶33} Accordingly, I would affirm the trial court's decision and overrule Wilson's two assignments of error because he failed to timely present his claim to the executor.